ARECIBO BUILDING CORPORATION, peticionaria, *v.* TRIBUNAL SUPERIOR, SALA DE SAN JUAN, HON. ROBERTO SCHMIDT MONGE, JUEZ, demandado; CLUBMAN, INC., interventora.

*Número:* O-73-25 *Resuelto:* 19 de octubre de 1973

*Pieras & Torruellas* y *Juan F. Esteves,* abogados de la peticionaria; *Canales & Ferrer* y *Ángel L. Calero,* abogados de la interventora.

EL JUEZ ASOCIADO SEÑOR MARTÍNEZ MUÑOZ emitió la opinión del Tribunal.

Arecibo Building Corporation,. mediante contrato escrito, cedió en arrendamiento a Clubman, Inc., un local de 3,000 pies cuadrados en un centro comercial localizado en Arecibo, por un término de veinte años y canon mínimo garantizado de $11,250.00 anuales, pagadero mensualmente en doce plazos iguales el día primero de cada mes. El contrato contiene una

cláusula al efecto de que la renta no estará sujeta a rebaja (*deduction*), disminución (*abatement*) o compensación (*set-off*) por la arrendataria. [1]

Alegando que la arrendataria tomó posesión del local, comenzó a operarlo y continúa ocupándolo por más de un año sin pagar los cánones de arrendamiento, según fue estipulado en el contrato, la arrendadora Arecibo Building Corp. instó un recurso de sentencia declaratoria ante el Tribunal Superior contra la arrendataria Clubman, Inc., solicitando se declarase válido el contrato, copia del cual acompañó, y una determinación al efecto de que la demandada ". . . tiene la obligación de pagar rentas" y la demandante tiene el derecho a recibirlas. La demanda fue radicada el 23 de agosto de 1972. En su contestación, Clubman, Inc., alegó que había pagado las mensualidades correspondientes a los meses de junio, julio, agosto y septiembre de 1971. En cuanto a las rentas correspondientes a los meses subsiguientes (octubre de 1971 a octubre de 1972), alegó Clubman haberlos retenido ". . . debido a una disputa que surgió entre las partes a los efectos de que la demandante se ha negado a concederle un crédito a la demandada de más de $17,000.00 y lo cual ésta venía obligada a concederle de acuerdo con el convenio."

En relación con el derecho al referido crédito de más de $17,000.00, Clubman reconvencionó por esta suma alegando que el mismo surgía de un acuerdo verbal con la demandante llevado a cabo con posterioridad al otorgamiento del contrato

---

[1] La cláusula sobre pago de renta en su texto original en inglés lee así:

"*Minimum Guaranteed Rent*

5. The Tenant shall pay to Landlord minimum rental, hereinafter called the 'Minimum Guaranteed Rental' of *Eleven Thousand Two Hundred Fifty Dollars* (*$11,250*) each Lease Year, such sum to be paid in equal monthly installments on the first day of each month, in advance, at such place as shall be designated by Landlord, without deduction, abatement or set off. The first installment shall include a prorated Minimum Guaranteed Rental for the period from the date of the commencement of the term to the first day of the first full calendar month in the term."

escrito de arrendamiento, mediante el cual Clubman se comprometía a realizar, y realizó, ciertos trabajos e instalar ciertas facilidades físicas en el local arrendado comprometiéndose la arrendadora, a su vez, a concederle un crédito a Clubman por el costo de éstos. En lo pertinente, alegó Clubman:

"4. Con posterioridad a dicho otorgamiento la reconvencionada reconoció en distintas ocasiones en que el acuerdo con la reconvencionista era a los efectos de que la reconvencionada no haría el trabajo relacionado en el 'Exhibit C', sino que por el contrario, la reconvencionista realizaría los trabajos en la forma y bajo las condiciones expresadas en la carta del 5 de agosto de 1971 dirigida por la reconvencionista a un agente de la reconvencionada, la cual se une a esta reconvención y se marca 'Exhibit A' y se hace formar parte integrante de la misma.

5. La reconvencionista realizó dichos trabajos bajo los términos de dicho acuerdo verbal. Al terminar los trabajos la reconvencionada venía obligada a pagar a la reconvencionista la suma de $17,663.20, ó a concederle un crédito por dicha suma a ser deducido de las rentas mensuales.

6. La reconvencionada se ha negado a concederle la totalidad del crédito de referencia, y por el contrario alega que dicho crédito asciende solamente a la suma de $2,399.00, tal y como se desprende de la carta dirigida a la reconvencionista por la reconvencionada de fecha mayo 25 de 1972, la cual se une a esta reconvención y se marca 'Exhibit B', haciéndose formar parte integrante de la misma."

Arecibo Building presentó entonces una moción solicitando del tribunal dictase sentencia por las alegaciones que reconociese su derecho a percibir, y la obligación de Clubman a satisfacer los cánones de arrendamiento sin rebaja, disminución o compensación por la arrendataria.

En una síntesis de su oposición ante la sala de instancia, Clubman arguye:

"5. Deseamos indicarle a este Honorable Tribunal que un examen de las alegaciones de la contestación a la demanda y de la reconvención, son suficientes para establecer el hecho de que no existe ningún tipo de controversia en lo que a la validez del

contrato se refiere, y más aún, de la obligación de la parte demandada para pagar los cánones de arrendamiento. En vista de que no existe ningún tipo de controversia a esos efectos, no comprendemos cómo pueda dictarse una sentencia declaratoria donde las partes están de acuerdo en lo que a la obligación del pago de los cánones de arrendamiento respecta. Siendo éste el caso, el remedio que tiene la parte demandante es el de la radicación de un caso en cobro de dinero o un caso de desahucio o ambas alternativas. No procede en este caso una solicitud de sentencia declaratoria, por razones obvias y que ya han sido objeto de discusión en los párrafos anteriores.

La única controversia que existe es a los efectos de cuál es el alcance de un compromiso verbal existente entre las partes, cuyo origen y contención de la demandada surgen de las alegaciones relacionadas en la reconvención. El derecho de la demandada a sostener su tesis es procedente bien dentro de este procedimiento al que indebidamente se ha acudido o bien dentro del procedimiento de cobro de dinero o de cualquier otro que pueda radicar la parte demandante a los mismos efectos."

La sala de instancia le dio acogida al argumento de Clubman al efecto de que la única controversia por resolver es el alcance del compromiso verbal alegado respecto al pago de ciertos trabajos efectuados por Clubman en el local arrendado, cuestión ésta que debe dilucidarse ante el tribunal, por lo cual declaró no ha lugar la solicitud de la demandante.

Acordamos revisar. Aunque la demanda de Arecibo Construction dista mucho de ser un dechado de perfección desde el punto de vista del remedio que se solicita, de la misma puede inferirse que entre la demandante, aquí recurrente, y la demandada Clubman, Inc., existe una controversia acerca del alcance de la cláusula sobre pago de renta contenida en el contrato y el derecho de la primera a percibir los cánones de arrendamiento y la obligación de la última a satisfacerlos a aquella sin rebaja, disminución o compensación por la arrendataria, según fuera estipulado en el contrato de arrendamiento otorgado por las partes. Reafirma lo antes expuesto la

propia alegación de Clubman en su contestación, la que en lo pertinente lee así:

"Se alega asímismo que las rentas correspondientes a los meses de octubre de 1971 a octubre de 1972 se han retenido por la demandada, debido a una disputa que surgió entre las partes a los efectos de que la demandante se ha negado a concederle un crédito a la demandada de más de $17,000.00 y lo cual ésta venía obligada a concederle de acuerdo con el convenio existente entre ellas."

■ Para nosotros resulta claro que al momento de iniciarse la acción existía una divergencia legítima entre las partes respecto al alcance de la cláusula del contrato sobre pago de los cánones de arrendamiento. Esta controversia era susceptible de ser considerada, dilucidada y adjudicada por los tribunales mediante decreto declaratorio, sin que la disponibilidad de otros remedios, como el desahucio y el cobro de dinero, fuese obstáculo para ello. Art. 1 de la Ley Uniforme de Sentencias Declaratorias, 32 L.P.R.A. sec. 2991; (²) Regla 59 (³) de Procedimiento Civil; *Rosario Mercado* v. *San Juan Racing Assn.*, 94 D.P.R. 634, 657-658 (1967).

La demandada no puede, como pretende, derrotar la acción declaratoria, basada en que aceptó que ". . . las partes están de acuerdo en lo que a la obligación del pago de los cánones de arrendamiento respecta" (T.A., folio 36); no existiendo, según ella, controversia alguna que dirimir. La controversia

---

(²) "El Tribunal Superior tendrá autoridad para declarar derechos, estados y otras relaciones jurídicas aunque se inste o pueda instarse otro remedio. No se estimará motivo suficiente para atacar un procedimiento o acción el que se solicite una resolución o sentencia declaratoria. La declaración podrá ser, en su forma y efectos, afirmativa o negativa, y tendrán la eficacia y vigor de las sentencias o resoluciones definitivas."

(³) "REGLA 59. SENTENCIAS DECLARATORIAS

"El procedimiento para obtener una sentencia declaratoria, según la Ley Núm. 47 de las Leyes de Puerto Rico de 1931, se regirá por estas reglas. La existencia de otro remedio adecuado, no impedirá que se dicte una sentencia declaratoria en aquellos casos apropiados. El tribunal podrá ordenar un vista rápida de un pleito de sentencia declaratoria, dándole preferencia en el calendario."

no se ha tornado en académica. Clubman sigue sustentando el criterio de que tiene derecho a compensar lo que le debe a Arecibo Construction en cánones atrasados con lo que *alega* que se le debe por ciertos trabajos que efectuó en el local arrendado. Frente a esa posición de Clubman, la demandante tenía derecho a que se disipara cualquier duda acerca del alcance de la cláusula en cuestión mediante decreto judicial, dándole así aplicación y vitalidad al Art. 12 de la Ley Uniforme de Sentencias Declaratorias, 32 L.P.R.A. sec. 2997, que lee así:

"El presente capítulo, por su naturaleza, es una ley de remedios; y su propósito el de autorizar la determinación de derechos, estados, y otras relaciones jurídicas, y conceder remedios contra la incertidumbre o inseguridad de tales derechos, estados y otras relaciones jurídicas; y deberá ser liberalmente interpretado y aplicado."

Para demostrar su derecho a la compensación, Clubman descansa en un alegado compromiso mediante el cual la arrendadora le reconoció un crédito de más de $17,000.00 ". . . a ser deducido de las rentas mensuales." A tales efectos, acompaña copia de su propia carta dirigida a la arrendadora informándole a ésta el alcance de los trabajos realizados en el local y su costo ($17,663.20), y concluye solicitando la remesa de esta suma. La otra carta que exhibe Clubman es una dirigida a ella por la arrendadora en la que ésta le dice que en un esfuerzo por terminar el asunto está dispuesta a concederle un crédito montante a $2,399.00 contra los cánones atrasados. La diferencia entre una y otra suma es de $15,264.20. Ello levanta una controversia separada y distinta a la que se persigue dilucidar mediante el recurso de sentencia declaratoria, pero no un obstáculo a que éste se resuelva independientemente.

La contestación de Clubman no levantó, en cuanto a la cláusula sobre pago de cánones de arrendamiento, controversia de hechos alguna. La solicitud de sentencia por las alega-

ciones, autorizada por la Regla 10.3 de Procedimiento Civil, era el vehículo procesal más apropiado para dirimir la divergencia inicial planteada por la demandante. Una vez que Clubman reconoció la validez del contrato y su ineludible obligación de satisfacer los cánones, sólo restaba resolver si, en vista de la letra del contrato, Clubman podía ejercitar un derecho de compensación contra los cánones adeudados.

 Una teoría de compensación es incompatible con la letra de la cláusula que nos concierne. La cláusula es clara: la renta no estará sujeta a rebaja, disminución o compensación por la arrendataria. Siendo éste un derecho renunciable, (⁴) Clubman no puede oponerlo, por haberlo renunciado anticipadamente, contra su arrendadora.

En consecuencia, *se revocará la resolución objeto de este recurso y, en su lugar, se declarará que Clubman, Inc., viene obligada a satisfacer a su arrendadora Arecibo Building Corporation los cánones de arrendamiento vencidos y los que subsiguientemente venzan, sin derecho a rebaja, disminunción o compensación, según lo acordado en la cláusula Núm. 5 del contrato de arrendamiento suscrito por las partes; y se devolverá el caso a la sala de instancia con instrucciones de que allí continúen los procedimientos en lo concerniente al crédito reclamado por Clubman, Inc., contra Arecibo Building Corporation por vía de reconvención, como acción separada e independiente de la que en el presente recurso se resuelve.*

El Juez Asociado, Señor Díaz Cruz, disintió en opinión separada y los Jueces Asociados, Señores Rigau, Dávila y Martín, no intervinieron.

---

(⁴)José Castán Tobeñas, *Derecho Civil Español*, 10ma. Ed., Vol. 3, págs. 342–343.

—o—

Voto disidente del Juez Asociado Señor Díaz Cruz

San Juan, Puerto Rico, a 19 de octubre de 1973

La opinión de la mayoría que se propone equivale a una sentencia parcial no justificada por los hechos. Está planteada una clara controversia en cuanto a si hubo un acuerdo verbal sobre compensación por la Arecibo Building a Clubman de obras y reformas realizadas por ésta en el local arrendado y si dicho acuerdo suspendió o dejó sin efecto la cláusula que prohibe a la inquilina alegar deducción, disminución o compensación contra la renta. Puede ser una sugestión de que la arrendadora haya atemperado o abandonado el rigor de dicha cláusula cuando reconoce a Clubman un crédito de $2,349 por las obras realizadas.

No procede la solución sumaria mediante sentencia por las alegaciones, que en este caso tiene la virtualidad de una sentencia sumaria. Si la demandante hubiese estado tan segura que su reclamación de cánones impagados era incontrovertible, tenía a su elección la acción civil en cobro de dinero o la de desahucio. Su recurso a la ley de sentencias declaratorias cuyo proposito es "declarar derechos, estados y otras relaciones jurídicas" (32 L.P.R.A. sec. 2991) representa su admisión de que no se trata de un asunto cerrado a toda controversia.

No considero que la demandada pueda "derrotar la acción declaratoria", pero debe ampliarse su ámbito para que no se ciña a la interpretación de la letra escrita del contrato original de arrendamiento y sí se extienda para examinar y adjudicar el aspecto de si hubo un acuerdo verbal que modificó el pacto original y que autoriza la compensación de cánones con el costo de mejoras y obras hechas por el inquilino. La relación contractual entre las partes está compuesta de dos transacciones: el contrato escrito y el convenio verbal y es sobre

dicha relación como un todo que opera el recurso de sentencia declaratoria. ¿Por qué separar la declaración de derechos que exige la Ley Uniforme de Sentencias Declaratorias en dos porciones, resolver aquí ahora que el arrendatario tiene que pagar los cánones vencidos y devolver el caso a la sala de instancia para que continúen los procedimientos relativos a la reclamación de la inquilina Clubman "como acción separada e independiente"? Equivale a convertir un pleito en dos, en contravención de la Regla 1 de Procedimiento Civil en su aspiración a que se garantice una solución "justa, rápida y económica de todo procedimiento", con la agravante de que cuanto ahora se resuelva en revisión puede ser destruido por la evidencia que desconocemos relativa a los efectos del posterior contrato verbal sobre el contrato escrito.

La solución que propone la opinión mayoritaria contraviene la Ley Uniforme de Sentencias Declaratorias (32 L.P.R.A. secs. 2991 y ss.) que en su Sec. 5 (32 L.P.R.A. sec. 2995) señala como propósito de esta ley especial el de "poner fin a la controversia o despejar una incertidumbre" reiterado en la Sec. 6 de la ley citada (32 L.P.R.A. sec. 2996) que transcribimos:

"La corte podrá negarse a dar o registrar una sentencia o decreto declaratorio cuando tal sentencia o decreto, de ser hecho o registrado, no hubiera de *poner fin* a la incertidumbre o controversia que originó el procedimiento." (Énfasis suplido.)

El tribunal de instancia desestimó la demanda y cometió el mismo error de separar la controversia en dos partes, [1] una el contrato escrito y otra el verbal, que ahora propone la opinión de la mayoría. Lo que importa es "poner fin a la incertidumbre o controversia que originó el procedimiento", Sec. 6, *supra,* y ese propósito no se cumplió en la Sala de Arecibo, ni se cumple aquí resolviendo la mitad de la contro-

---

[1] Desestimó la demanda porque no había controversia en cuanto al contrato escrito, pasando por alto la reconvención.

versia y dejando el estado de derecho entre las partes a mitad de definición.

El fraccionamiento o fragmentación de la cuestión litigiosa es un concepto proscrito en el vigente método de Procedimiento Civil. Nuestra facultad revisadora debe impartir continuada vigencia a la norma de que los pleitos no se resuelven por pedacitos. Habiendo una reconvención de la demandada Clubman, no es propio proveer a la demanda sin pasar sobre los hechos suscitados por la reconvención. Esta práctica alargaría el proceso y restaría prontitud a la decisión final de la controversia que es de la esencia del recurso de sentencia declaratoria como ordena la Regla 59 de Procedimiento Civil en su oración final: "el tribunal podrá ordenar una vista rápida de un pleito de sentencia declaratoria, dándole preferencia en el calendario."

Lo que procede es abstenerse de una adjudicación parcial de esta controversia, ya que ignoramos cómo la misma será afectada por la subsiguiente ventilación de la porción irresuelta del litigio, y devolver el caso para que el tribunal a quo en ejercicio pleno de su jurisdicción original ventile y resuelva el pleito en su totalidad, reciba toda la evidencia, y declare sin dejar lugar a contingencias o especulaciones cuál sea el estado de derecho entre estos litigantes.