AC-2001-46                               1

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Margarita Montañez y otros<br><br>    Demandantes-Peticionarios<br><br>            v.<br><br>Hospital Metropolitano y otros<br><br>    Demandados-Recurridos | Certiorari<br><br>2002 TSPR 70<br><br>156 DPR ____ |

Número del Caso: AC-2001-46


Fecha: 24/mayo/2002


Tribunal de Circuito de Apelaciones:
                        Circuito Regional I


Juez Ponente:
                    Hon. Gilberto Gierbolini



Abogada de la Parte Peticionaria:
                        Lcda. Rosa M. Nogueras de González


Abogados de la Parte Recurrida:
                        Lcdo. Pedro Toledo González
                        Lcdo. Iván O. González Cruz


Materia: Daños y Perjuicios

        Este documento constituye un documento oficial del Tribunal Supremo que
        está sujeto a los cambios y correcciones del proceso de compilación y
        publicación oficial de las decisiones del Tribunal. Su distribución
        electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Margarita Montañez y otros

    Demandantes-Peticionarios

        vs.                  AC-2001-46     Certiorari

Hospital Metropolitano y otros

    Demandados-Recurridos

Opinión del Tribunal emitida por el Juez Asociado señor Hernández Denton

San Juan, Puerto Rico, a 24 de mayo de 2002.

En el presente recurso tenemos la oportunidad de considerar el estándar que debe regir la adjudicación de una moción para que se dicte sentencia por las alegaciones al amparo de la Regla 10.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 10.3. Después de estudiar nuestro ordenamiento procesal civil, resolvemos que el estándar aplicable al adjudicar dicha moción debe ser idéntico al que se utiliza ante una moción de desestimación basada en que la demanda deja de exponer una reclamación que justifique la concesión de un remedio bajo la Regla 10.2 de

Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 10.2.  Por lo tanto, concluimos que en el presente caso no procedía dictar sentencia por las alegaciones dado que de las mismas surgía una controversia sustancial de hechos.

I.

El 8 de julio de 1996, la Sra. Mary Burgos Montañez (en adelante "señora Burgos") fue atendida en la Sala de Emergencia del Hospital Metropolitano, luego de que sufriera una intoxicación al ingerir ciertas pastillas.  Después de habérsele realizado varios exámenes, la señora Burgos fue dada de alta con un referido al Centro de Diagnóstico y Tratamiento Dr. López Antongiorgio de Puerto Nuevo (en adelante "CDT"). Al día siguiente fue llevada a dicho lugar, del cual le dieron de alta el 10 de julio. No obstante, esa misma noche fue trasladada nuevamente al CDT porque estaba en estado crítico, tenía las pupilas dilatadas y no respondía a estímulos verbales. Luego de evaluar a la señora Burgos, los facultativos del CDT la refirieron a la Sala de Emergencia del Hospital Municipal de San Juan (en adelante "el Hospital Municipal").

En la madrugada del 11 de julio de 1996, la señora Burgos llegó a la Sala de Emergencia del Hospital Municipal. Luego de varios exámenes y tratamiento médico, la señora Burgos falleció esa misma madrugada. La autopsia realizada reveló que la causa inmediata de la muerte fue un paro respiratorio como consecuencia de una intoxicación con acetaminofén.

Así las cosas, el 25 de agosto de 1999, las co-demandantes Margarita Montañez, Francés Ortiz Montañez, Aida González Burgos y Vanesa González Burgos, presentaron una demanda de daños y perjuicios contra el Hospital Metropolitano, el Municipio de San Juan, el CDT, el Dr. Guillermo Acarón, el Dr. José E. Alicea Melero, Admiral Insurance Co. (en adelante "Admiral"), y la compañía aseguradora SIMED, entre otros (conjuntamente en adelante "el Hospital Metropolitano y otros"). Alegaron, entre otras cosas, que mediante un informe pericial emitido el 28 de agosto de 1998 advinieron en conocimiento de que la muerte de la señora Burgos la ocasionó la negligencia e impericia médica del Hospital Metropolitano y otros.

Al contestar la demanda, cada uno por separado, el Hospital Metropolitano y otros alegaron, en síntesis, que la demanda no exponía hechos que justificaran la concesión de un remedio y que la causa de acción estaba prescrita, entre otras defensas afirmativas. Luego de comenzado el descubrimiento de prueba, las co-demandantes desistieron de su reclamación contra el Dr. Acarón y presentaron una demanda enmendada, la cual fue contestada por el Hospital Metropolitano.

Después de varios incidentes procesales, el Municipio de San Juan y su compañía aseguradora, Admiral, presentaron "Solicitud de Desestimación por Prescripción de las Causas de Acción Presentadas por Margarita Montañez y Francés Ortiz Montañez". Solicitaron al tribunal de instancia que emitiera

sentencia parcial por prescripción, pues los hechos en que se fundamentaba la reclamación ocurrieron tres (3) años antes de interponerse la presente demanda.  El Hospital Metropolitano también presentó una moción de desestimación por prescripción, a la cual se unió el Dr. Alicea.

Por su parte, Montañez y Ortiz se opusieron a la moción de desestimación. Alegaron que sus causas de acción no estaban prescritas porque, aunque los hechos ocurrieron en 1996, no es hasta el 28 de agosto de 1998, cuando la Dra. Claudia Lorenzo rinde su informe pericial, que las referidas co-demandantes advinieron en conocimiento de que en efecto la muerte de la señora Burgos se trataba de un caso de impericia médica y de quiénes eran los responsables de la misma. En su réplica a la oposición en solicitud de desestimación por prescripción, Admiral alegó que tanto Montañez como Ortiz eran mayores de edad al momento de ocurrir los hechos en que fundamentan sus causas de acción, conocían las entidades que brindaron los servicios médicos a la señora Burgos y que además, ambas estuvieron presentes acompañando a ésta durante la hospitalización y conocían el tratamiento brindado. Sostuvo, por lo tanto, que éstas conocían del daño desde 1996, fecha en que murió la señora Burgos.

El tribunal de instancia dictó sentencia parcial y desestimó por prescripción las causas de acción de Montañez y Ortiz. Además, ordenó la continuación de los procedimientos en

cuanto a las co-demandadas menores de edad Aida y Vanesa González Burgos.

Oportunamente, Montañez y Ortiz acudieron al Tribunal de Circuito de Apelaciones. El foro apelativo confirmó al tribunal de instancia. Resolvió que, aunque Montañez y Ortiz alegan que el término prescriptivo para instar sus causas de acción comenzó a decursar el 28 de agosto de 1998, fecha en la cual la Dra. Claudio Lorenzo emitió su informe pericial, lo cierto es que desde el fallecimiento de la señora Burgos, o sea, desde el 11 de julio de 1996, éstas sabían que habían sufrido un daño y quiénes eran los que probablemente habían ocasionado el mismo. Por tal razón, el término prescriptivo que Montañez y Ortiz tenían para presentar sus causas de acción comenzó a decursar el 11 de julio de 1996. Dado que el término prescriptivo para presentar las reclamaciones por daños y perjuicios es de un (1) año, las causas de acción de Montañez y Ortiz estaban prescritas al momento de presentar la demanda, concluyó el Tribunal de Circuito de Apelaciones.

Inconformes con el dictamen anterior, Montañez y Ortiz acuden ante nos. Arguyen que los foros inferiores erraron al concluir que éstas conocían el daño y quiénes lo habían causado desde la fecha en que murió la señora Burgos, 11 de julio de 1996; y no desde el 28 de agosto de 1998, fecha en la cual la Dra. Claudia Lorenzo emitió su informe pericial. Después de examinar la solicitud de *Certiorari* radicada por Montañez y Ortiz, emitimos una Resolución concediéndole al Hospital

Metropolitano y otros el término de veinte (20) días para mostrar causa por la cual no debamos revocar la Sentencia emitida por el Tribunal de Circuito de Apelaciones en el presente caso. El Hospital Metropolitano, el Dr. Alicea y el Municipio de San Juan y su compañía aseguradora, Admiral, han comparecido en cumplimiento de dicha orden. Luego de examinar las comparecencias de las partes, expedimos el auto solicitado y resolvemos según intimado.

## II.

Después de reseñar el trasfondo procesal y fáctico del caso de autos, debemos abordar la controversia planteada a la luz de las normas bajo las cuales un tribunal debe adjudicar una moción de desestimación en la etapa en que se encontraba el presente caso.

La Regla 10.3 de Procedimiento Civil, *supra*, es la que regula el procedimiento a seguir en cuanto a una moción de desestimación presentada después de haberse notificado todas las alegaciones. Esta regla dispone que:

"Después que se hayan presentado todas las alegaciones, pero dentro de un plazo que no demore el juicio, cualquier parte puede solicitar que se pronuncie sentencia por las alegaciones. Si en una moción solicitando sentencia por las alegaciones se expusieren materias no contenidas en las alegaciones y éstas no fueren excluidas por el tribunal, la moción deberá ser considerada como una solicitud de sentencia sumaria, estará sujeta hasta su resolución final a todos los trámites ulteriores dispuestos en la Regla 36, y todas las partes tendrán una oportunidad razonable de presentar toda materia pertinente a dicha moción conforme a lo provisto en la citada regla."

Como vemos, esta regla provee para que cualquier parte pueda solicitar al tribunal que dicte sentencia por las alegaciones después de que se haya contestado la demanda y cualquier otra alegación que requiera contestación, siempre que no se afecte la solución rápida de los procedimientos. Esta regla proviene de la Regla 12(c) del Código de Enjuiciamiento Civil de 1943, la cual, a su vez, surge de la Regla 12(c) de Procedimiento Civil Federal. 28 U.S.C.A., R. 12(c). Cerra v. Mota, 70 D.P.R. 861, 864 (1950).

Con anterioridad hemos tenido ocasión de expresarnos con respecto al contenido y aplicación de la Regla 10.3 de Procedimiento Civil, *supra*, aquí en discusión. En resumen, hemos resuelto que procede dictar sentencia por las alegaciones cuando de las mismas surge que no existe controversia sustancial de hechos, haciendo innecesario la celebración de un juicio en su fondo para recibir o dilucidar la prueba. Partido Acción Civil v. Estado Libre Asociado de Puerto Rico, res. el 25 de febrero de 2000, 2000 T.S.P.R. 29; Arecibo Bld. Corp. v. Tribunal Superior, 101 D.P.R. 720, 226-727 (1973); Rivera v. Otero de Jové, 99 D.P.R. 189 (1970). Cerra v. Mota, *supra*, a la pág. 864. No obstante, esta moción no es el método más apropiado para determinar la suficiencia de las defensas y reconvenciones. Sepúlveda v. Casanova, 72 D.P.R. 62, 67 (1951).

Todos los hechos bien alegados en la demanda y las inferencias que puedan hacerse de las mismas se estiman

admitidos por la parte demandada cuando ésta solicita que se dicte sentencia por las alegaciones. Rivera v. Otero de Jové, *supra*, a la pág. 195. Empero, estas admisiones sólo se admiten para propósitos de la moción y no son finales y conclusivas en tal forma que constituyan una renuncia a cualquier controversia material que deba determinarse por la prueba del juicio. Sepúlveda v. Casanova, *supra*, a la pág. 68. Es decir, que si el tribunal deniega la solicitud de sentencia por las alegaciones, por estimarse hechos en conflictos, las partes no estarán obligadas por los hechos que asumieron como ciertos a los fines exclusivos de la moción y tienen derecho a desfilar toda su prueba en vista plenaria. J.A. Cuevas Segarra, Tratado de Derecho Procesal Civil, San Juan, Publicaciones J.T.S., Tomo I, 2000, pág. 279. Por último, una solicitud para que se dicte sentencia por las alegaciones presupone una moción aparte de la contestación para poner en guardia a la parte contraria, y así evitar confusiones. Cía. De Desarrollo Comer. v. America Fruits, 104 D.P.R. 90, 93 (1975).

Asimismo, hemos aclarado que la Regla 43.3 de las de Procedimiento Civil, *supra*, la cual provee para la solicitud de determinaciones de hechos iniciales o adicionales, no está disponible para las partes cuando el tribunal ha emitido sentencia por las alegaciones o ha desestimado la demanda al amparo de la citada Regla 10.2. Roldán Rosario v. Lutrón, S.M., Inc., res. el 21 de julio de 2000, 2000 T.S.P.R. 121.

**De otra parte, es prácticamente unánime la posición doctrinaria y jurisprudencial que sostiene que el estándar aplicable al adjudicar una moción para que se dicte sentencia por las alegaciones es idéntico al que se utiliza ante una moción de desestimación basada en que la demanda deja de exponer una reclamación que justifique la concesión de un remedio. Regla 10.2 de las de Procedimiento Civil,** *supra*.[1] A. Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001). Wright and Miller, Vol. 5A, Federal Practice and Procedure, sec. 1368, Suplemento Acumulativo 2001, West Group, 2001, pág. 586. **Cualquier distinción entre una y otra moción es meramente semántica, pues el tribunal tiene que aplicarle a ambas el mismo estándar al considerarlas.**[2] Milton I. Shadur, Defenses and Objections; Motion for Judgment on the Pleadings, 2 Moore's Federal

---

[1] La moción de desestimación bajo la Regla 10.2 es aquella que presenta el demandado antes de contestar solicitando que se desestime la demanda presentada en su contra.  Se puede amparar en cualesquiera de los siguientes fundamentos: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; **(5) dejar de exponer una reclamación que justifique la concesión de un remedio;** (6) dejar de acumular una parte indispensable.

[2] Se ha sugerido que la moción para que se dicte sentencia por las alegaciones ha dejado de tener utilidad en el ordenamiento procesal civil vigente.  Si consideramos las numerosas mociones que las partes tienen disponibles antes de que se celebre el juicio y la posibilidad de que la moción para que se dicte sentencia por las alegaciones se convierta en una de sentencia sumaria, es mínima la utilidad de dicha moción como procedimiento separado.  Su función primordial, disponer del caso sumariamente cuando no sea necesario pasar prueba en juicio, puede realizarse de manera más efectiva mediante una moción basada en que la demanda deja de exponer una reclamación que justifique la concesión de un remedio al amparo de la Regla 10.2 de Procedimiento Civil, *supra*.  Wright and Miller, *supra*, sec. 1369.  "At this point in time the Rule 12(c) motion is little more than a relic of the common law and code eras. Its preservation in the original federal rules undoubtedly was due to the undeveloped character of the summary judgment procedure and the uncertain scope of the Rule 12(b)(6) motion. Neither of these rationales are relevant today…"  Id.

<u>Practice</u>, 3era ed., Mathew Bender, 1997, sec. 12.38, págs. 12-100 a 12.102.3.

Lo anterior nos parece correcto, pues tanto la moción para que se dicte sentencia por las alegaciones, como la moción de desestimación basada en que la demanda deja de exponer una reclamación que justifique la concesión de un remedio, se dirigen a los méritos de la controversia, y no a los aspectos procesales del caso como las demás mociones de desestimación bajo la Regla 10.2 de Procedimiento Civil, *supra*. Wright and Miller, Vol. 5A, <u>Federal Practice and Procedure</u>, sec. 2739, 3d Ed., West Group, 1998, pág. 395.

Conforme a lo anterior, al adjudicar una moción para que se dicte sentencia por las alegaciones, procede considerar el desarrollo jurisprudencial y doctrinario relativo a la moción de desestimación  basada en que la demanda deja de exponer una reclamación que justifique la concesión de un remedio. Por lo tanto, el tribunal deberá examinar las alegaciones de la demanda liberalmente y de la manera más favorable al demandante. Únicamente se desestimará la acción si el promovente no tiene derecho a remedio alguno bajo cualesquiera hechos que pueda probar en juicio. El tribunal debe conceder el beneficio de cuanta inferencia sea posible hacer de los hechos bien alegados en la demanda. *Véase* <u>Harguindey Ferrer v. U.I.A.</u>, res. el 7 de abril de 1999, 99 T.S.P.R. 48; <u>Alberty Marrero v. Rodríguez Emma y otros</u>, res. el 1 de noviembre de 1999, 99 T.S.P.R. 166; <u>Unisys v. Ramallo</u>

**Brothers**, 128 D.P.R. 842 (1991); <u>Moa v. E.L.A.</u>, 100 D.P.R. 573 (1972). Asimismo, cuando es el demandado quien solicita este remedio, los hechos y alegaciones de la demanda se considerarán como ciertos; pero aquellos de la contestación a la demanda se estimarán ciertos sólo en lo que no estén en conflicto con la demanda. J.A. Cuevas Segarra, *supra*, pág. 280.

Teniendo en consideración la normativa anterior, veamos los hechos del presente caso.


### III.


En el caso de autos, se presentó una solicitud para que se desestimaran por prescripción las reclamaciones presentadas por Montañez y Ortiz. Como dicha moción fue presentada luego de notificadas todas las alegaciones responsivas, pero antes de que se presentara la prueba, la misma debe ser considerada como una solicitud para que se dicte sentencia por las alegaciones. Veamos.

De entrada, debemos señalar que la acción para presentar una reclamación de daños y perjuicios al amparo del Art. 1802 del Código Civil, 31 L.P.R.A. sec. 5141, prescribe por el transcurso de un (1) año a partir de que el agraviado supo el daño. Art. 1868 del Código Civil, 31 L.P.R.A. sec. 5298. Al interpretar esta disposición, hemos aclarado que el

término para ejercer la causa de acción comienza a transcurrir, no cuando se sufre el daño, sino cuando se conocen todos los elementos necesarios para poder ejercer la acción. Esto es, el daño y la identidad de quien lo causó. Sin embargo, si el desconocimiento que impide ejercer la acción se debe a la falta de diligencia del reclamante, entonces no son aplicables estas consideraciones liberales sobre la prescripción. <u>Padín Espinosa v. Comp. de Fomento Industrial</u>, res. el 25 de febrero de 2000, 2000 T.S.P.R. 32.

Según la demanda presentada en el caso de marras, no fue hasta el 28 de agosto de 1998 que Montañez y Ortiz advinieron en conocimiento de que en efecto la muerte de la señora Burgos se trataba de un caso de impericia médica y de la identidad de quien causó el daño. Al aceptar como cierta dicha alegación, e interpretarla de la forma más favorable para Montañez y Ortiz, podemos observar que existe conflicto entre esta alegación y la del Hospital Metropolitano y otros en cuanto a este mismo asunto. No procede tomar como cierta la alegación en la contestación a la demanda del Hospital Metropolitano y otros respecto a que el 11 de julio de 1996 fue la fecha en que Montañez y Ortiz advinieron en conocimiento del daño y de la identidad de quiénes lo causaron, dado que dichas alegaciones están controvertidas por las alegaciones de la demanda.

Aún cuando sea cierta la determinación de los tribunales inferiores con respecto a que Montañez y Ortiz conocían el

daño causado y quiénes lo causaron desde el 11 de julio de 1996, fecha en que falleció la señora Burgos, no procedía desestimar la demanda. Este no es el momento apropiado para tomar dicha decisión; se trata de una cuestión de hechos que debe ser resuelta luego de que se atienda el caso en los méritos y se presente prueba al respecto.

En virtud de una moción para que se dicte sentencia por las alegaciones, el Tribunal no podía poner en duda el hecho bien alegado en la demanda de que fue a partir del 28 de agosto de 1998 que Montañez y Ortiz tuvieron conocimiento del daño y de quién era el responsable del mismo. El tribunal tenía que tomar estos hechos como ciertos y no considerar aquellas alegaciones de la contestación a la demanda que sostuvieran lo contrario. Por lo tanto, en el caso de autos procedía concluir que la reclamación se había presentado dentro del término prescriptivo de un (1) año dispuesto para ello y declarar sin lugar la moción para que se dicte sentencia por las alegaciones.

Conforme a lo anterior, se revoca la Sentencia del Tribunal de Circuito de Apelaciones y se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos.

Se dictará la Sentencia correspondiente.

FEDERICO HERNÁNDEZ DENTON
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Margarita Montañez y otros

    Demandantes-Peticionarios

       vs.                AC-2001-46     Certiorari

Hospital Metropolitano y otros

    Demandados-Recurridos


SENTENCIA


San Juan, Puerto Rico, a 24 de mayo de 2002.

**Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se revoca el dictamen del Tribunal de Circuito de Apelaciones en el presente caso. Se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos, de forma consistente con lo aquí resuelto.**

**Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Andréu García y los Jueces Asociados señores Fuster Berlingeri y Rivera Pérez concurren sin opinión escrita.**

**Patricia Otón Olivieri**
**Secretaria del Tribunal Supremo**