Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| | | |
|---|---|---|
| DUI, Inc.<br><br>Recurrida<br><br>vs.<br><br>Mary Flores Morales; Banco Popular de P.R.; Oriental Bank and Trust; Compañía de Seguros ABC<br><br>Peticionarios | KLCE2023000988 | ***CERTIORARI*** procedente del Tribunal de Primera Instancia, Sala Superior de Guayama<br><br>Civil Núm.: GM2022CV00487<br><br>Sobre: Daños y Perjuicios, Daños por Incumplimiento Contractual |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de noviembre de 2023.

Comparece la parte peticionaria, Banco Popular de Puerto Rico (en adelante, "BPPR") para solicitarnos que se revoque la "Resolución" emitida por el Tribunal de Primera Instancia, Sala Superior de Guayama el 8 de agosto de 2023 y notificada el 9 de igual mes y año. Mediante dicha "Resolución", se declara No Ha Lugar la Moción de Desestimación presentada por BPPR.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, se confirma mediante los fundamentos que expondremos a continuación.

**I.**

El 7 de julio de 2022, DUI, Inc. (en adelante, "DUI") presentó una demanda por incumplimiento contractual y, daños y perjuicios contra Mary Flores Morales (en adelante, Sra. Flores Morales), BPPR, Oriental Bank & Trust (en adelante, "Oriental") y Compañía

Número Identificador

SEN2023 _____

de Seguros ABC. En dicha demanda alegó que, el 20 de junio de 2012, suscribió con BPPR un suplemento al "Contrato de Cuentas de Depósitos Comerciales" titulado "Disposiciones Especiales para Originadores de Transferencias ACH", para integrar el servicio de transacciones electrónicas a la empresa conocido como "Cámara de Compensación de Transacciones" o "Automative Clearing House" (en adelante, "ACH"). Arguyó que, en septiembre de 2014, suscribieron una enmienda a este acuerdo para incluir a la Sra. Flores Morales como usuaria del sistema ACH, quien había comenzado a trabajar como empleada de DUI en el área de contabilidad en ese mismo año.

Señaló que, la Sra. Flores Morales emitió pagos a través de este sistema y los dirigió a sus cuentas bancarias personales con BPPR y Oriental. Que el *modus operandi* de la Sra. Flores Morales consistía en que: (1) sustituía en el archivo de ACH el número de cuenta bancaria de los beneficiarios que recibirían el pago con sus números de cuentas bancarias personales, (2) emitía el pago del suplidor, empleado o agencia a su cuenta personal y (3) por último, volvía al archivo del sistema y removía su número de cuenta colocando nuevamente el del beneficiario. Que, como parte de su esquema, utilizó dos cuentas personales con BPRR y tres cuentas de Oriental. DUI manifestó que la Sra. Flores Morales realizó 58 transacciones electrónicas desviando a sus cuentas personales con Oriental la cantidad de $107,88.97. Que la Sra. Flores Morales realizó varias transacciones fraudulentas a través del terminal de computadoras de la propia sucursal de BPPR ubicada en el municipio de Caguas.

En la Demanda se alega que, a finales del 2018, el Ing. Carlos Bonilla Colón presentó una querella ante la Policía de Puerto Rico y que posteriormente, presentó otra querella ante la oficina del "Federal Bureau of Investigation" (en adelante, "FBI").

El 4 de diciembre de 2019, el FBI presentó una acusación contra la Sra. Flores Morales por fraude bancario y una alegación de confiscación. El 12 de agosto de 2021, la Sra. Flores Morales suscribió un acuerdo de culpabilidad con la Fiscalía Federal, en la cual admitió haber apropiado ilegalmente la suma de $651,953.42 de fondos propiedad de DUI. La apropiación ilegal de fondos ocurrió desde septiembre 2014 hasta el 16 de noviembre de 2018.

Por último, DUI aseveró que: (1) BPPR conoce a la Sra. Flores Morales porque es su cliente, (2) el esquema de fraude ocurrió dentro del propio BPPR, (3) BPPR envió un aviso de alerta luego de consumada la apropiación ilegal, (4) no se realizaron en más de cuatro años informes de auditoría como parte del paquete de seguridad del sistema de BPPR y (5) BPPR actuó contrario a lo que dispone la Ley de Transacciones Comerciales, Ley Núm. 208-1995, sobre los procedimientos de seguridad adecuados. Es importante resaltar que todas estas alegaciones se encuentran en la introducción de la demanda.

El 12 de septiembre de 2022, el BPPR presentó una Moción de Desestimación al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, en donde alegó que: (1) DUI le reclama daños por incumplimiento contractual, (2) tomando en consideración los acuerdos contractuales, DUI no tiene derecho a remedio alguno y (3) las obligaciones que presuntamente fundamentan el reclamo de DUI, no existen bajo el contrato. En cuanto a la reclamación extracontractual, BPPR señaló que, se debía desestimar porque la causa de acción estaba prescrita, los hechos alegados no corresponden a la realidad, las alegaciones de hechos son insuficientes y DUI renunció a la misma en el contrato. Agregó que no incumplió con la Ley de Transacciones Comerciales, *supra,* puesto que sus disposiciones no fueron violadas y los hechos alegados por DUI no son suficientes para justificar su

concesión. Por último, reiteró que, la Demanda está desprovista de alegaciones de hechos suficientes para fundamentar las causas de acción reclamadas.

Posteriormente, el 28 de octubre de 2022, DUI presentó una Oposición a Moción de Desestimación. Indicó que: (1) la magnitud de transacciones fraudulentas permitidas por BPPR no tienen precedentes judiciales, (2) ninguno de los casos citados por BPPR se asemejan a los hechos de este caso, (3) durante el periodo de tiempo que ocurrió la apropiación ilegal de fondos, BPPR no detectó el fraude ni congeló las cuentas de Flores-Morales, (4) en todos los casos citados por BPPR, el banco del originador no era el mismo banco del beneficiario, y que, (5) BPPR transfirió internamente los fondos durante más de cuatro años de la cuenta de DUI a la cuenta de la Sra. Flores Morales.

El 7 de noviembre de 2022, el Tribunal de Primera Instancia emitió una orden mediante la cual señaló una vista para discutir la Moción de Desestimación por videoconferencia. El 15 de noviembre, BPPR presentó su Réplica a la Oposición radicada por DUI, en la cual alegó que dicha solicitud no contiene argumento alguno que logre derrotar los planteamientos consignados en la Moción de Desestimación. Así las cosas, el 27 de enero de 2023, DUI presentó una Dúplica a la "Réplica a la Oposición a la Moción de Desestimación Presentada por Banco Popular de Puerto Rico". De igual manera, el BPPR presentó oportunamente su respuesta a esta moción.

Posteriormente, el BPPR presentó una Moción Informativa mediante la cual comunicó que el Tribunal Federal emitió una Sentencia Enmendada en el caso de *U.S. v. Mary Flores-Morales* condenando a la Sra. Flores Morales a una pena de reclusión de 27 meses y una pena de restitución a favor de DUI por la suma de $651,952.42. El 31 de mayo de 2023 se celebró una vista

argumentativa donde ambas partes tuvieron la oportunidad de expresar su posición sobre la Moción de Desestimación.

Luego de varios trámites procesales, el 8 de agosto de 2023, el Tribunal de Primera Instancia emitió una "Resolución" en la cual declaró No Ha Lugar la Moción de Desestimación.

Inconforme con lo anteriormente resuelto, la parte peticionaria acudió a este Tribunal mediante el recurso de epígrafe, en el que señalo el siguiente error:

> *Erró el TPI al denegar la Moción de Desestimación del BPPR a pesar de que se demostró que las reclamaciones contenidas en la Demanda no satisfacen el estándar de alegación aplicable y/o son improcedentes como cuestión de Derecho.*

## II.

## A.

La Regla 10.2 de Procedimiento Civil, *supra,* permite que un demandado solicite la desestimación de la causa de acción en su contra, antes de contestarla, si de las alegaciones de la demanda surge claramente que alguna de las defensas afirmativas prosperará. *Conde Cruz v. Resto Rodríguez et al.*, 205 DPR 1043, 1065 (2020).

La precitada regla dispone lo siguiente:

> *Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) **dejar de exponer una reclamación que justifique la concesión de un remedio**; (6) dejar de acumular una parte indispensable.* (Énfasis Nuestro.)

Al evaluar una moción de desestimación, los tribunales están obligados a tomar como ciertos todos los hechos bien alegados en la demanda y, a su vez, considerarlos de la forma más favorable a la parte demandante. *López García v. López García,* 200 DPR 50, 73 (2018). Esta doctrina solo es aplicable a los

hechos que, de su faz, no dan margen a dudas. *First Fed. Savs v. Asoc. De Condómines,* 114 DPR 426, 432 (1983). El tribunal también dará por admitidas las inferencias que surjan de los hechos. *Montañez v. Hosp. Metropolitano,* 157 DPR 105 (2002). Las admisiones se tomarán en consideración únicamente para propósitos de resolver la moción de desestimación. *Id.* pág. 103. Por consiguiente, el demandado deberá probar que el demandante no tiene derecho a remedio alguno, aun cuando se interprete la demanda de la forma más liberal. *López Garcia, supra.*, pág. 70.

Para que una demanda no sea desestimada, es necesario que las alegaciones incluyan información suficiente sobre hechos que resulten plausibles. *Ashcroft v. Iqbal,* 556 US 662, 678 (2009). Un reclamo es plausible cuando, el demandante alega hechos fácticos que permiten al tribunal razonablemente inferir que el demandado es responsable de los daños alegados. *Id.* Solicitar motivos plausibles no impone un requisito de probabilidad en etapas tempranas del caso, solo requiere la inclusión de hechos suficientes que generen una expectativa razonable de que el descubrimiento de prueba revelará evidencia relacionada con la causa de acción. *Bell Atlantic Corp v. Twombly,* 550 US 544, 545 (2007).

En el caso de *Ashcroft v. Igbal*, la Corte Suprema de los Estados Unidos explicó que para evaluar si las alegaciones en una demanda son factibles y no meramente especulativas, los tribunales deben llevar a cabo un análisis contextual de dos etapas. *Ashcroft v. Igbal,* 556 US 662, 678 (2009). En la primera etapa se requiere considerar como ciertos los hechos en la demanda con excepción de las alegaciones concluyentes, las conclusiones de derecho y los hechos genéricos. *Id.* La segunda etapa consiste en determinar si con base en las alegaciones bien fundamentadas en la demanda, el demandante ha establecido una

reclamación que merece la concesión de un remedio. Id. pág. 679. El tribunal decidirá si en vista de todas las circunstancias del caso, el demandante ha presentado una reclamación factible o si la causa de acción debe ser desestimada. *Id.*

Finalmente, la Regla 8.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 8.2, establece lo siguiente:

> ***Todas las aseveraciones de reclamaciones o de defensas se expondrán en párrafos numerados***, *limitándose el contenido de cada párrafo, en cuanto sea posible, a un solo conjunto de circunstancias, pudiendo hacerse referencia a cualquier párrafo por su número en todas las alegaciones subsiguientes. Cada reclamación basada en un acto, una omisión o un evento independiente, y cada defensa que no constituya una mera negación, se hará constar como una reclamación o defensa separada, siempre que la separación facilite una formulación más clara de los asuntos expuestos.* (Énfasis suplido.)

### III.

En el caso ante nuestra consideración, la parte peticionaria nos solicita que revoquemos la "Resolución" emitida por el Tribunal de Primera Instancia en la que declara No Ha Lugar la Moción de Desestimación.

Como único señalamiento de error, el BPPR plantea que el Foro Primario erró al denegar la Moción de Desestimación a pesar de que se demostró que las reclamaciones contenidas en la Demanda no satisfacen el estándar de alegación aplicable y/o son improcedentes como cuestión de derecho. No le asiste la razón.

Los reclamos que el recurrido presenta contra BPPR se encuentran en la introducción de la Demanda. Aunque estos reclamos no fueron numerados, al analizar la Demanda en su totalidad, podemos inferir que DUI tiene derecho a obtener un remedio. Así pues, si asumimos que las alegaciones de la Demanda son ciertas y las consideramos de la manera más favorable y liberal para la parte demandante, existe una causa de acción contra BPPR. En otras palabras, la Demanda incluye hechos suficientes que

generan una expectativa razonable de que el recurrido ha sufrido un daño y que, el peticionario fue quien lo causó. No nos encontramos frente a alegaciones que sean simplemente una posibilidad especulativa. En síntesis, se satisface el estándar mínimo de suficiencia y plausibilidad que exige nuestro ordenamiento.

**IV.**

Por los fundamentos antes esbozados, los cuales hacemos formar parte de esta Sentencia, se expide el auto de *certiorari* y confirmamos la "Resolución" emitida por el Tribunal de Primera Instancia, Sala Superior de Guayama a los fines de declarar No Ha Lugar la Moción de Desestimación.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


                            Lcda. Lilia M. Oquendo Solís
                        Secretaria del Tribunal de Apelaciones