Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| CAMIONEROS DE VOLTEO DE GUAYNABO, INC.<br><br>Demandante Recurrido<br><br>v.<br><br>METRO AVANTI PROPERTIES, INC.; ABZCO LLC; ROTONDA LLC; RDS CONSTRUCTION CORP; COMPAÑIAS DE SEGUROS X, Y, Z, las cuales se denominan de esta manera por desconocer sus nombres<br><br>Demandados Peticionarios | KLCE202400403<br><br><br><br>Consolidado con | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm.: BY2019CV01958 Sala: 503<br><br><br>Sobre: Cobro de dinero |
| CAMIONEROS DE VOLTEO DE GUAYNABO, INC.<br><br>Demandante Apelado<br><br>v.<br><br>METRO AVANTI PROPERTIES, INC.; ABZCO LLC; ROTONDA LLC; RDS CONSTRUCTION CORP; COMPAÑIAS DE SEGUROS X, Y, Z, las cuales se denominan de esta manera por desconocer sus nombres<br><br>Demandados Apelante | KLAN202400336 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm.: BY2019CV01958 Sala: 503<br><br><br>Sobre: Cobro de dinero |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 17 de mayo de 2024.

Comparecen Metro Avanti Properties, Inc., ABZCO, LLC y Rotonda, LLC mediante los recursos de epígrafe, presentados el 8 de abril de 2024, los cuales consolidamos el 12 de abril de 2024. En el caso

con designación alfanumérica KLCE202400403, Metro Avanti Properties, Inc., ABZCO, LLC y Rotonda, LLC (las peticionarias) recurren de la *Resolución* emitida el 14 de mayo de 2023, por el Tribunal de Primera Instancia, Sala de Bayamón (Tribunal de Primera Instancia o foro primario) notificada el 15 de mayo de 2023. Mediante la referida *Resolución,* el foro recurrido denegó a las peticionarias una *Solicitud de Desestimación de Demanda y Demanda de Copartes y Terceros,* por insuficiencia de las alegaciones presentadas por estas al amparo de la Regla 10.2 (5) de Procedimiento Civil, 32 LPRA Ap. V. R. 10.2(5), en el pleito sobre cobro de dinero instado por Camioneros de Volteo de Guaynabo, Inc. (CVG o los recurridos) en contra de las peticionarias y de RDS Construction Group (RDS). En el recurso con designación alfanumérica KLAN202400336, Metro Avanti Properties, Inc., ABZCO, LLC y Rotonda, LLC nos solicitan que dejemos sin efecto la *Sentencia Parcial Por Estipulación* entre RDS y CVG, emitida por el foro primario el 14 de mayo de 2024, notificada el 17 de mayo del corriente año. Mediante dicha *Sentencia Parcial Por Estipulación,* el foro primario condenó a RDS al pago de la suma de $86,408.49. a favor de CVG y decretó el desistimiento sin perjuicio de la Demanda contra Coparte y Demanda contra Terceros presentada por RDS.

Por los fundamentos que pasamos a exponer, denegamos la expedición del auto de *certiorari* solicitado por las peticionarias en el caso KLCE202400403 y confirmamos la *Sentencia Parcial Por Estipulación* apelada por Metro Avanti Properties, Inc., ABZCO, LLC y Rotonda, LLC en el recurso con designación alfanumérica KLAN202400336.

La Demanda objeto de la solicitud de desestimación de las peticionarias ante el foro primario es una reclamación en cobro de dinero presentada el 16 de abril de 2019 por los recurridos en contra de las peticionarias y de RDS. En dicha Demanda, los recurridos reclamaron una deuda de $86,408.49 por servicios de acarreo de material de relleno realizado por varias órdenes de compra emitidas por RDS para los proyectos residenciales conocidos como Las Ramblas y Rotonda, en Guaynabo. Según las alegaciones de la Demanda presentada por los recurridos, las peticionarias son compañías interrelacionadas cuyos accionistas son Porfirio Brito y Alejandro Brito, que se mercadean como Brito Development Group. Asimismo, los recurridos alegaron que, aunque RDS efectuó pagos a los recurridos por el servicio de acarreo de relleno de proyectos por un tiempo, de junio a septiembre de 2018 se dejaron de pagar ciertas facturas. De igual forma, los recurridos alegaron que el 28 de noviembre de 2018 CVG cursó carta al representante legal de Brito Development Group con la certificación de la deuda por el servicio de acarreo y relleno por facturas vencidas y no pagadas por RDS. CVG alegó, además, que RDS reconoció y aceptó su deuda por la suma de $86,408.49 y que RDS también autorizó a Brito Development Group a pagar dicha suma directamente a CVG. Particularmente, en el párrafo número 8 de la Demanda, CVG alegó que RDS fue contratada por Brito Development Group como contratista general de los proyectos Las Ramblas (Fase III) y la Rotonda, ambos en el municipio de Guaynabo, y prestó servicios de acarreo y material de relleno. En esencia, CVG alegó que la falta de pago lo obligó presentar la causa de acción y que Brito Development Group responde solidariamente a RDS hasta el monto de lo adeudado.

El 26 de junio de 2019, las aquí peticionarias presentaron *Contestación a la Demanda* en la que negaron las alegaciones contenidas en el párrafo 8 de la Demanda y alegaron afirmativamente lo siguiente: (a) que Metro es la dueña y desarrolladora del proyecto residencial Las Ramblas (Fase III); (b) que RDS, como contratista general, suscribió con Metro Avanti Properties, Inc. contratos para la construcción de la infraestructura y viviendas del Proyecto Las Ramblas (Fase III); (c) que Rotonda LLC es la dueña y desarrolladora del Proyecto Residencial Rotonda; (d) que RDS como contratista general suscribió con Rotonda LLC un contrato para la construcción de la infraestructura y viviendas del Proyecto Residencial Rotonda. Por su parte, RDS presentó *Contestación a Demanda* el 5 de septiembre de 2019 en contra de CVG, así como *Demanda contra Coparte* en contra de las aquí peticionarias.

Posteriormente, el 22 de octubre de 2019, Metro Avanti Properties, Inc. y ABZCO, LLC presentaron *Solicitud de Desestimación de Demanda y Demanda de Copartes y Terceros*. En ajustada síntesis, estas alegaron que la Demanda presentada por CVG deja de exponer suficientes hechos que justifiquen la concesión de un remedio contra Metro Avanti Properties, Inc. y ABZCO, LLC al amparo del Artículo 1489 del Código Civil y de la Ley de Corporaciones. En esencia, arguyeron que cada proyecto de construcción debía analizarse por separado con el fin de determinar quién era el dueño del proyecto, el servicio prestado y el momento en que se reclamó al dueño de cada proyecto sobre la alegada deuda. Metro Avanti Properties, Inc. y ABZCO, LLC enfatizaron que son entidades independientes por lo que no responden por deudas de otra

entidad y que los hechos esenciales a la reclamación de CVG estaban siendo atendidos en el caso con designación alfanumérica SJ2019CV04496, por lo que solicitaron la desestimación de la Demanda presentada por CVG en el caso de epígrafe, de la Demanda contra Copartes, así como la Demanda contra Terceros presentadas por RDS.

En desacuerdo, el 2 de diciembre de 2019, CVG presentó *Oposición a Solicitud de Desestimación* en la que señaló que tiene derecho a un remedio a su favor, ya que las alegaciones de la Demanda contienen una relación de hechos suficientes que establecen la existencia de una deuda por el contratista de una obra, las cuantías adeudadas por concepto de materiales y mano de obra y que la reclamación se dirigió al dueño de la obra como responsable directo de deuda al materialista.

De otra parte, el 30 de junio de 2022, RDS presentó ante el Tribunal de Primera Instancia una *Segunda Moción Para Que se Dicte Sentencia Por Estipulación* en la que, además de reconocer que CVG prestó los servicios de acarreo para los proyectos Las Ramblas y Rotonda, RDS reconoció la existencia de las facturas por las sumas de $9,144.39 y $77,263.61 y de la deuda de $86,408.49 reclamada por CVG, por lo que solicitó al foro primario Sentencia Parcial por Estipulación condenándola a pagar dicha suma. Además, RDS desistió sin perjuicio de la Demanda contra Coparte y Demanda contra Terceros presentada por esta en contra de las peticionarias.

Mediante *Resolución* emitida el 14 de mayo de 2023, el Tribunal de Primera Instancia declaró No Ha Lugar la *Solicitud de Desestimación de Demanda y Demanda de Copartes y Terceros*

presentada por Metro Avanti Properties, Inc. y ABZCO, LLC. Concluyó que las alegaciones de la Demanda cumplen con el estándar de la Regla 10.2 (5) de Procedimiento Civil y que contiene alegaciones sencillas, concisas y directas que configuran los elementos de una causa de acción al amparo del Art. 1489 del Código Civil, 31 LPRA sec. 4130, y al considerarlas de la forma más favorable al demandante concluyó que no procedía la desestimación solicitada por las peticionarias. En igual fecha, el foro primario emitió, además, *Sentencia Parcial por Estipulación* notificada el 17 de mayo de 2023, en la que tras acoger la estipulación de RDS y CVG condenó a RDS al pago de la suma de $86,408.49 a favor de CVG y decretó el desistimiento sin perjuicio de la Demanda contra Coparte y Demanda contra Terceros presentada por RDS. En la *Sentencia Parcial por Estipulación,* el Tribunal de Primera Instancia hizo constar que la Sentencia Parcial emitida no extingue la causa de acción que RDS mantiene en contra de Metro Avanti Properties, Inc., ABZCO, LLC y Rotonda, LLC que se ventila en el caso Civil Núm. SJ2019CV04496 y especificó que CVG no exigirá el pago de la *Sentencia Parcial por Estipulación* hasta que culmine el litigio en este caso.

Inconformes, el 30 de mayo de 2023, las peticionarias presentaron ante el foro primario *Solicitud de Reconsideración en Torno a Denegatoria de Solicitud de Desestimación de Demanda y Demanda de Copartes y Terceros Presentada por ABZCO y METRO.* En igual fecha, las peticionarias también presentaron *Solicitud de Reconsideración en Torno a Sentencia Parcial por Estipulación.* Mediante *Resolución* emitida y notificada el 7 de marzo de 2024, el foro primario declaró No Ha Lugar ambas solicitudes de

reconsideración presentadas por Metro Avanti Properties, Inc., ABZCO, LLC y Rotonda, LLC.

En desacuerdo, las peticionarias presentaron los recursos de epígrafe consolidados. En esencia, en el recurso KLCE202400403 las peticionarias sostienen que incidió el foro primario al denegar la *Solicitud de Desestimación de Demanda y Demanda de Copartes y Terceros* presentada por éstas ante dicho foro. Razonan que la Demanda presentada en su contra por CVG, así como la Demanda de Copartes y Terceros dejan de exponer hechos suficientes que justifiquen la concesión de un remedio al amparo de la Regla 10.2 (5) de Procedimiento Civil, por lo que procede revocar la Resolución recurrida. Argumentan, además, en el recurso con designación alfanumérica KLAN202400336, que la *Sentencia Parcial por Estipulación* debe ser dejada sin efecto pues no adelanta la tramitación eficiente del caso; que esta es un reconocimiento de que no existe controversia que pueda ser adjudicada por el Tribunal y reiteran que lo que procede como remedio es la desestimación de la Demanda *y* Demanda de Copartes y Terceros presentadas en contra de Metro Avanti Properties, Inc., ABZCO, LLC y Rotonda, LLC.

Por su parte, CVG compareció ante nosotros el 24 de abril de 2024 y sostiene que no incidió el foro primario al denegar la solicitud de desestimación presentada por las peticionarias toda vez que la Demanda contiene alegaciones sencillas, concisas y directas que configuran los elementos de una causa de acción al amparo del Art. 1489 del Código Civil, 31 LPRA sec. 4130, y que la actuación del foro primario es razonable y se encuentra enmarcada dentro de su ámbito discrecional.

Vale recordar que el auto de *certiorari* se ha instituido en nuestro ordenamiento como el vehículo procesal discrecional y extraordinario mediante el cual este Tribunal de Apelaciones puede rectificar errores jurídicos en órdenes y resoluciones interlocutorias, en el marco de lo establecido por la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. La función del Tribunal Apelativo frente a la revisión de controversias a través del *certiorari* requiere valorar la actuación del foro primario y predicar su intervención en si la misma fue contraria a derecho, constituyó un abuso de discreción y en ausencia de evidencia suficiente de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia. Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. Véase, también, *Fernández Martínez et al. v. RAD-MAN San Juan III-D, LLC et al.*, 208 DPR 310 (2021) (citando a *SGL Torres Matundan v. Centro de Patología Avanzada*, 193 DPR 920 (2015); *Dávila Nieves v. Meléndez Marín*, 187 DPR 750 (2013); *Ramos Milano v. Wal-Mart*, 168 DPR 112 (2006); *Rivera et al. v. Banco Popular*, 152 DPR 140 (2000); *Meléndez Vega v. Caribbean International News*, 151 DPR 649 (2000)).

En nuestro ordenamiento, uno de los fundamentos para solicitar la desestimación de la demanda es que esta no expone una reclamación que justifique la concesión de un remedio. Regla 10.2(5) de Procedimiento Civil (32 LPRA Ap. V). Ante tal planteamiento, no procede la desestimación "a menos que se demuestre que el demandante no tiene derecho a remedio alguno bajo cualesquiera hechos que pueda probar". *Colón v. Lotería,* 167 DPR 625, 649 (2006). Por ello, se debe considerar los hechos bien alegados de la manera más

favorable al demandante, y resolver toda duda a favor de éste, si la demanda es suficiente para constituir una reclamación válida. *Pressure Vessels PR v. Empire Gas PR,* 137 DPR 497 (1994) *Colón v. Lotería*, 167 DPR 625 (2006). Además, dichas alegaciones han de interpretarse de forma conjunta, liberal y favorable al demandante; por tanto, no procede la desestimación de una demanda salvo demostración de que –aún considerada con permisión de cualquier inferencia que los hechos alegados admitan– la misma carece de entidad para constituir una reclamación válida. *Íd.* El demandante no viene obligado a realizar alegaciones minuciosas y técnicamente perfectas, sino que se le permite limitarse a bosquejar a grandes rasgos su reclamación, mediante una exposición sucinta y sencilla de los hechos. *Torres Torres*, *v. Torres Serrano*, 179 DPR 481, 501 (2010); *Sánchez v. Aut. de Los Puertos*, 153 DPR 559, 569 (2001); *Dorante v. Wrangler de P.R.*, 145 DPR 408, 413 (1998). Al solicitar la desestimación invocando la defensa de que la demanda deja de exponer una reclamación que justifica la concesión de un remedio, la desestimación solicitada se dirige a los méritos de la controversia y no a los aspectos procesales del caso. *Eagle Security Police, Inc. v. Efrón Dorado,* 211 DPR 70 (2023) (citando a *Montañez v. Hosp. Metropolitano*, 157 DPR 96, 104 (2002)).

En lo pertinente al recurso KLCE202400403, tomados como ciertos los hechos alegados en la demanda, el foro primario concluyó que no quedó demostrado que sus alegaciones no resulten susceptibles de interpretar en sentido de que revelen algún derecho de los recurridos. Ello quedará sujeto a la depuración de hechos que surja como parte del procedimiento judicial una vez se aclaren y adjudiquen los presupuestos fácticos en que se basan. Para el Tribunal de Primera

Instancia, las alegaciones de la demanda aportan una plataforma fáctica de la cual puede derivarse la existencia de un reclamo susceptible de obtener un remedio. En la medida en que dichas alegaciones han de interpretarse de forma conjunta, liberal y favorable a la demandante y resulta evidente que la actuación del foro recurrido no acusa abuso de discreción, ni prejuicio, parcialidad o error que amerite nuestra intervención en esta etapa. Con estos antecedentes y por las consideraciones anteriormente expuestas se deniega el auto de *certiorari* solicitado por las peticionarias en el recurso KLCE202400403.

En lo pertinente a la *Sentencia Parcial por Estipulación* objeto de apelación en el recurso consolidado KLAN202400336, es preciso destacar que dicha sentencia parcial fue emitida por el foro primario tras aprobar la estipulación sometida por RDS y CVG en cuanto al reclamo de esta última en contra de RDS como alegado deudor solidario de la suma reclamada por CVG. Sin embargo, Metro Avanti Properties, Inc., ABZCO, LLC y Rotonda, LLC nos invitan a dejar sin efecto la *Sentencia Parcial por Estipulación* porque a su juicio la estipulación entre RDS y CVG no adelanta la tramitación eficiente del caso de epígrafe. Como cuestión de umbral, destacamos que dicha contención no plantea un error de derecho incurrido por el Tribunal de Primera Instancia al emitir la *Sentencia Parcial por Estipulación referida*. En síntesis, Metro Avanti Properties, Inc., ABZCO, LLC y Rotonda, LLC se limitan a argumentar que la estipulación entre RDS y CVG es un reconocimiento de que no existe controversia que pueda ser adjudicada por el foro primario y arguyen que lo que procede como remedio es la desestimación de la Demanda de CVG *y* la Demanda de Copartes y

Terceros. Ante la ausencia de un señalamiento de error de derecho en la apelación, el planteamiento de que la *Sentencia Parcial por Estipulación* no adelanta la tramitación eficiente del caso de epígrafe ante el foro primario y que por ello esta debe dejarse sin efecto no aduce razón alguna para revocarla o para suspender sus efectos. Ello equivaldría a impedir que el alegado deudor solidario pueda estipular una reclamación con el demandante y que dicha estipulación sea posteriormente acogida por el foro primario y sea objeto de una Sentencia.

Por su parte, surge de la *Sentencia Parcial por Estipulación* que RDS desistió sin perjuicio de la Demanda contra Coparte presentada en contra de las peticionarias, sin que estas hubiesen presentado contestación a la Demanda contra Coparte**.** Aun así, el desistimiento de RDS fue aprobado por el Tribunal de Primera Instancia. El desistimiento es "una declaración de voluntad que realiza una parte mediante la cual anuncia su deseo de abandonar la causa de acción que interpuso en el proceso que se encuentra pendiente". *Pagán Rodríguez v. Pres, Cáms. Legs.,* 206 DPR 277, 285 (2021) (Escolio omitido). Este mecanismo "encarna uno de los principios básicos del proceso civil: el principio dispositivo según el cual el demandante tiene derecho a disponer de su acción". *Íd.,* págs. 285-286 (Corchetes y escolio omitidos). El desistimiento de un caso puede efectuarse por aviso del demandante, si no ha obrado contestación a la demanda, o por estipulación de las partes, 32 LPRA Ap. V, R. 39.1(a). No obstante, el desistimiento también puede efectuarse por orden del Tribunal. 32 LPRA Ap. V, R. 39.1 (b). A excepción de lo dispuesto en el inciso (a) de esta regla, no se permitirá al demandante desistir de ningún pleito,

excepto mediante una orden del tribunal y *bajo los términos y las condiciones que éste estime procedentes. A menos que la orden especifique lo contrario, un desistimiento bajo este párrafo será sin perjuicio. Íd.* (Énfasis suplido). Por consiguiente, "el *tribunal tiene discreción judicial* para terminar el litigio e imponer las condiciones que estime pertinentes. *Pagán Rodríguez v. Pres, Cáms. Legs., supra,* pág. 287 (Escolio omitido).

Con estos antecedentes, concluimos que como cuestión de derecho no incidió el foro primario al dictar *Sentencia Parcial por Estipulación.* Por los fundamentos anteriormente expuestos, confirmamos la *Sentencia Parcial por Estipulación* objeto de apelación en el caso KLAN20240336 y denegamos la expedición del auto de *certiorari* en el caso KLCE202400403.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones