ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VIII

| OLGA LUZ MERCED TORRES<br><br>Parte Recurrida<br><br><br>v.<br><br><br><br>JENNIFER RIVERA RAMOS<br>**JESSICA RIVERA RAMOS**<br><br>Parte Peticionaria | KLCE202400734 | *Certiorari,* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2023CV03113<br><br>Sala: 701<br><br>Sobre: Liquidación de bienes hereditarios |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Monge Gómez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de julio de 2024.

Compareció ante este Tribunal la parte peticionaria, la Sra. Jessica Rivera Ramos (en adelante, la "Peticionaria"), mediante recurso de *certiorari* presentado el 3 de julio de 2024. Nos solicitó la revocación de la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, el "TPI"), el 13 de mayo de 2024, notificada y archivada en autos al día siguiente. Dicho dictamen fue objeto de una "**Moción de Reconsideración**" interpuesta por la Sra. Jessica Rivera Ramos, la cual fue declarada "No Ha Lugar" mediante *Resolución* de 7 de junio de 2024.

Por los fundamentos que expondremos a continuación, *expedimos* el auto de *certiorari* y *confirmamos* la *Resolución* recurrida.

**I.**

El caso de epígrafe tuvo su génesis con la presentación de una "**Demanda**", por parte de la Sra. Olga L. Merced Torres (en adelante, la "señora Merced Torres" o la "Recurrida") en contra de la Sra. Jennifer Rivera Ramos y la Sra. Jessica Rivera Ramos (en adelante y en conjunto las "señoras Rivera Ramos") sobre liquidación de bienes hereditarios. En la

misma, alegó que el Sr. Misael Rivera Girona (en adelante, el "señor Rivera Girona" o el "causante") falleció el 28 de abril de 2022, como resultado de un fallo respiratorio y varias condiciones relacionadas con un diagnóstico de Alzheimer. Expresó que el 21 de julio de 2022 el TPI dictó una *Resolución* en el caso Núm. BY2022CV03645, mediante la cual fue declarada heredera universal junto a las hijas del causante, las señoras Rivera Ramos. Esbozó que el 23 de agosto de 2022, el foro primario emitió una *Resolución* en el caso Núm. BY20222CV04199, a través de la cual declaró que el señor Rivera Girona es el único heredero de la sucesión de su hermana, la Sra. Leonor Rivera Girona (en adelante, la "señora Rivera Girona").

Asimismo, señaló que obtuvo los correspondientes relevos del Departamento de Hacienda con relación a las planillas del caudal relicto de los referidos causantes. Indicó que el caudal hereditario sujeto a partición se compone de los siguientes bienes: (1) inmueble localizado en la urbanización Santa Juanita, calle 38 QQ-9, Bayamón, Puerto Rico, (2) un vehículo de motor Toyota CBL 2010, (3) mobiliario del hogar y (4) fondos depositados en el TPI bajo el caso Núm. BY2021RF01264. Manifestó que no desea permanecer en comunidad, pero que las señoras Rivera Ramos han ignorado sus solicitudes extrajudiciales y han retrasado los trámites dirigidos a liquidar la aludida herencia. Expresó que la alegada demora ha provocado el deterioro de la propiedad inmueble en cuestión y ha generado deudas por contribuciones en el Centro de Recaudación de Ingresos Municipales (en adelante, el "CRIM").

Argumentó que las señoras Rivera Ramos son indignas de suceder los bienes hereditarios del señor Rivera Girona, puesto que lo abandonaron en la etapa crítica de su enfermedad e incapacidad y le negaron alimentos, cuidado y amor fraternal. Expresó que, durante los últimos tres (3) años de vida del causante, ella fue su única cuidadora y le suplió todas sus necesidades físicas, médicas, alimentarias y afectivas. Señaló que mediante *Resolución* del caso Núm. BY2021CV01264 fue designada como la tutora del señor Rivera Girona. Alegó que, durante ese tiempo, sufragó con sus bienes privativos todos los gastos de alimentos, sostenimiento y

gastos médicos del causante, toda vez que las señoras Rivera Ramos no contribuyeron en forma alguna para su sostenimiento.

Esbozó que a pesar de que el señor Rivera Girona fue recluido en el hospital en varias ocasiones, las señoras Rivera Ramos no lo procuraron ni visitaron. También relató que el abandono del causante fue tal, que las señoras Rivera Ramos no asistieron al velorio ni al entierro. Por último, argumentó que los actos y omisiones de las señoras Rivera Ramos de negarle alimentos, cuidado, supervisión, compañía y amor fraternal al señor Rivera Girona constituyen abandono y maltrato físico y emocional.

A tenor con lo anterior, le peticionó al TPI que declare la indignidad de las señoras Rivera Ramos y que la única persona con derecho a heredar los bienes del causante lo es ella. En su defecto, solicitó que se ordene el inventario, avalúo, adjudicación de créditos y participación de los bienes del caudal hereditario, conforme a las disposiciones legales vigentes. Además, solicitó el reconocimiento de un crédito por los pagos y desembolsos que efectuó por concepto de reparaciones y mantenimientos del inmueble en controversia, gastos legales y honorarios de abogado.

Posteriormente, el 7 de agosto de 2023, la Sra. Jessica Rivera Ramos presentó su "**Contestación a Demanda y Reconvención**" mediante la cual expresó que la Recurrida ha solicitado de forma contumaz y temeraria su declaración de indignidad en la herencia de su padre. Asimismo, señaló que la partición de la herencia del causante está supeditada a la partición de los bienes de la sucesión de la señora Rivera Girona. Indicó que en el presente caso es necesario que se realice un inventario con una relación clara, precisa y detallada de los bienes, las deudas y las cargas que constituyen el caudal de la sucesión del señor Rivera Girona. Afirmó que la herencia del causante incluye más inmuebles de los que la Recurrida mencionó en su "**Demanda**".

Del mismo modo, alegó que la señora Merced Torres ha mezclado los bienes del señor Rivera Girona con los suyos. Esgrimió que llegó a participar de los trámites extrajudiciales para llevar a cabo la partición de la sucesión del causante, pero que dichas conversaciones cesaron porque la

señora Merced Torres se negó a proveer información sobre los bienes que componen la herencia. Expresó que el 1 de diciembre de 2021, la Recurrida renunció voluntariamente a reclamar algún crédito contra el patrimonio del causante. Enunció que el señor Rivera Girona fue un padre ausente durante su niñez, pero que en su adultez su relación mejoró sustancialmente, por lo que se comunicaban varias veces al mes a través de su teléfono celular. Señaló que la relación con su padre se afectó cuando la Recurrida impidió que éstos continuaran comunicándose. Expresó que, durante la enfermedad del causante, procuró gestiones para que fuera evaluado por facultativos médicos. Por último, aseveró que el 18 de agosto de 2021 la Recurrida manifestó, mediante comunicación escrita, que estaba de acuerdo con que cualquiera de las hijas del señor Rivera Girona fuera la tutora de éste por lo que está impedida de actuar en contra de sus propios actos al entablar una petición de indignidad.

En consonancia con lo anterior, le solicitó al foro primario que: (1) declare "No Ha Lugar" la solicitud de declaración de indignidad, (2) ordene el pago de $10,000.00 por concepto de honorarios de abogados por temeridad, (3) ordene la partición de la sucesión del causante y de la señora Rivera Girona, (4) adjudique en partes iguales el caudal neto de ambas sucesiones y (5) emita cualquier otro pronunciamiento que proceda en derecho. En igual fecha, la codemandada, Jennifer Rivera Ramos, presentó "**Contestación a la Demanda**". Entretanto, el 26 de septiembre de 2023, la señora Merced Torres presentó una "**Demanda Enmendada**" a los fines de añadir una causa de acción adicional sobre daños y perjuicios por difamación.

Luego de varios trámites procesales, el 27 de octubre de 2023, la Sra. Jessica Rivera Ramos presentó un escrito intitulado: "**Moción Solicitando Desestimación de la Causa de Acción de Indignidad**" (en adelante, "Moción de Desestimación"), a través de la cual argumentó que, en el presente caso, se dan las circunstancias idóneas para que el Tribunal desestimara las reclamaciones incoadas en su contra. En síntesis, esgrimió que la Recurrida no posee legitimación activa para presentar la solicitud de

indignidad, ya que no se vería favorecida por ésta y los únicos que se beneficiarían de dicha solicitud son los nietos del señor Rivera Girona debido a la figura de representación. En vista de lo anterior, le peticionó al foro primario la desestimación de la "**Demanda Enmendada**" en cuestión y la imposición del pago de una suma de $10,000.00 por concepto de honorarios de abogado. En su defecto, le solicitó al Tribunal que determine lo siguiente: (1) los derechos de los hijos de las señoras Rivera Ramos se verán afectados por cualquier sentencia que emita el Tribunal y (2) los hijos de las señoras Rivera Ramos son parte indispensable en cualquier procedimiento en el que se solicite la indignidad de ellas para suceder en la herencia del causante.

Oportunamente, el 15 de noviembre de 2023, la Recurrida radicó una "**Oposición a Moción Solicitando Desestimación de la Causa de Acción de Indignidad**" (en adelante, "Oposición"). Mediante la cual alegó que posee legitimación activa para instar la causa de acción de indignidad, ya que es la única parte con interés y capacidad real para ejercitar dicha solicitud. Además, arguyó que los nietos del causante no son parte indispensable en el caso ya que solo podrían advenir y reclamar algún derecho como herederos por representación cuando haya mediado una determinación de indignidad de la Sra. Jessica Rivera Ramos y que tal hecho, no ha sucedido. Por último, señaló que aun dando por cierto el hecho de que los nietos del causante son partes indispensables, dicha omisión no es fatal ni fundamento suficiente para la desestimación de la causa de acción. Así pues, solicitó que se declare "No Ha Lugar" la "**Moción de Desestimación**" interpuesta por la Sra. Jessica Rivera Ramos.

El 5 de diciembre de 2023, la Peticionaria presentó una "**Réplica a Oposición a 'Moción Solicitando Desestimación de la Causa de Acción de Indignidad'**" (en adelante, "Réplica"), a través de la cual reiteró los argumentos esbozados en su *Moción de Desestimación* y añadió que del Artículo 1558 del Código Civil de Puerto Rico, *infra*, no se desprende que la intención del legislador era limitar las solicitudes de declaración de indignidad a los herederos del causante.

En respuesta a ello, el 13 de diciembre de 2023, la Recurrida presentó una "**Dúplica a la Réplica a Oposición a Moción Solicitando Desestimación de la Causa de Acción de Indignidad**" (en adelante, "Dúplica") mediante la cual reafirmó su postura y señaló que acoger la teoría de la Peticionaria implicaría ir en contra del orden sucesoral impuesto por nuestro ordenamiento jurídico.

Finalmente, el 13 de mayo de 2024, el TPI emitió una *Resolución* a través de la cual declaró "No Ha Lugar" la *Moción de Desestimación* presentada por la Peticionaria. Insatisfecha con dicha decisión, la Sra. Jessica Rivera Ramos presentó una "**Moción de Reconsideración**", la cual fue declarada "No Ha Lugar" mediante *Resolución* del 7 de junio de 2024, notificada y archivada en autos el 10 del mismo mes y año.

Aún inconforme con lo anteriormente resuelto, la Peticionaria acudió ante este Tribunal mediante el recurso de epígrafe, en el que señaló los siguientes errores:

**PRIMERO:** **ERRÓ EL TPI AL DETERMINAR QUE LA RECURRIDA TIENE LEGITIMACI[Ó]N ACTIVA PARA PRESENTAR LA SOLICITUD DE DECLARACI[Ó]N DE INDIGNIDAD.**

**SEGUNDO:** **ERRÓ EL TPI AL DETERMINAR QUE LOS NIETOS DEL CAUSANTE NO SON PARTE INDISPENSABLE EN LA CAUSA DE ACCIÓN SOLICITANDO LA INDIGNIDAD DE LAS HIJAS DEL CAUSANTE, PERO A SU VEZ RECONOCE QUE PUDIESEN SER PARTES INDISPENSABLES SI LA DECLARACIÓN DE INDIGNIDAD PROSPERA.**

En igual fecha, la Peticionaria presentó "**Moción en Auxilio de Jurisdicción**" que fue declarada "No Ha Lugar" por este Tribunal mediante *Resolución* de 3 de julio de 2024. Así las cosas, el 11 de julio de 2024, la Recurrida presentó "**Oposición a la Expedición del Auto de *Certiorari***".

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**II.**

**A.**

La Regla 10.2 de Procedimiento Civil y su jurisprudencia interpretativa le confiere al demandado la oportunidad de presentar

cualquiera de las siguientes defensas: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) las alegaciones del demandante dejan de exponer una reclamación que justifique la concesión de un remedio; y (6) la falta de una parte indispensable. 32 LPRA Ap. V, R. 10.2.

La moción de desestimación bajo la referida Regla es una defensa que formula el demandado antes de presentar su contestación a la demanda, en la cual solicita que se desestime la demanda presentada en su contra. Aut. Tierras v. Moreno & Ruiz Dev. Corp., 174 DPR 409, 428 (2008); Colón v. Lotería, 167 DPR 625, 649 (2006). En general, la Regla 10.2 de Procedimiento Civil, supra, recoge defensas que pueden plantearse, a opción del demandado, en una moción de desestimación antes de contestar o en la misma contestación a la demanda. Casillas Carrasquillo v. ELA, 209 DPR 240, 247 (2022).

Al examinar una moción de desestimación, los tribunales están obligados a aceptar como ciertos todos los hechos bien alegados en la demanda y a interpretarlos de la manera más beneficiosa para el demandante. Comisión v. González Freyre *et al*., 211 DPR 579, 614-615 (2023). Cabe destacar que esta doctrina se limita a hechos que están formulados de manera clara y concluyente, sin dejar lugar a dudas. First Fed. Savs v. Asoc. De Condómines, 114 DPR 426, 431-432 (1983). De igual manera, el tribunal debe conceder el beneficio de todas las inferencias posibles que puedan derivarse de los hechos correctamente expuestos en la demanda. Montañez v. Hosp. Metropolitano, 157 DPR 96, 105 (2002). No obstante, estas admisiones se consideran únicamente para los fines de la moción y no son definitivas ni incuestionables de manera que constituyan una renuncia a cualquier controversia material que deba ser dilucidada a través de la presentación de la prueba en el juicio. Íd., pág. 103.

**B.**

Como regla general, al morir una persona los derechos y las obligaciones de ésta son transmitidos a los herederos desde el momento de

la muerte, siempre que dichos derechos y obligaciones no se extingan por su deceso. 31 LPRA sec. 10911. El fallecimiento de una persona podría suscitar controversias relacionadas a la herencia, razón por la cual nuestro ordenamiento jurídico se ocupa de regular dichas cuestiones. Así pues, el Código Civil vigente distingue entre dos tipos de sucesiones, a saber: (1) la testamentaria y (2) la intestada. Es menester resaltar que éstas reciben tratamientos distintos, según las normativas legales correspondientes.

Respecto a la sucesión intestada, la ley asigna cierta cantidad de la herencia para determinadas personas, lo cual se conoce como la legítima. 31 LPRA sec. 11161. Así pues, las personas legitimarios son los descendientes, el cónyuge supérstite y en ausencia de éstos, los ascendientes. 31 LPRA sec. 11162. Si el causante tiene legitimarios, puede disponer libremente de la mitad de sus bienes. 31 LPRA sec. 11163. En cambio, si no cuenta con legitimarios, puede disponer de la totalidad de sus bienes, según su voluntad. Íd. A pesar de lo anterior, hay situaciones en las que una persona considerada legitimario o heredero forzoso no puede heredar los bienes del causante. De conformidad con lo anterior, entre las circunstancias por las cuales un legitimario o heredero estará imposibilitado de suceder al causante se reconocen las causas de indignidad. Así pues, son considerados indignos para suceder aquel heredero que se demuestre que ha incurrido en alguna de las siguientes conductas:

> (a) la persona que abandona o maltrata física o sicológicamente al causante;
> (b) la persona convicta por haber atentado contra la vida del causante, de su cónyuge, de sus descendientes o de sus ascendientes, del ejecutor o de otro llamado a la herencia cuya muerte favorezca en la sucesión al indigno;
> (c) la persona convicta por acusar o denunciar falsamente al causante de la comisión de un delito que conlleva una pena grave;
> (d) la persona que deja de cumplir durante tres (3) meses consecutivos o seis (6) alternos con la obligación, impuesta administrativa o judicialmente, de alimentar al causante;
> (e) la persona que, mediante dolo, intimidación, fraude o violencia induce o impide al causante otorgar, revocar o modificar su testamento; o el que, conociendo estos hechos, los utiliza para su beneficio; y
> (f) la persona que destruye, oculta o altera el testamento del causante. 31 LPRA sec. 10973 (énfasis suplido).

Es decir, de las transcritas disposiciones normativas se desprende que quien abandone, maltrate o atente contra la vida del causante, no cumpla su obligación de alimentarlo, lo induzca a modificar su testamento o lo oculte, no puede sucederlo en sus bienes, por entenderse que su conducta es constitutiva de indignidad. La consecuencia de ser declarado indigno es que la persona queda privada de la herencia o del legado, así como de su condición de legitimario. 31 LPRA sec. 10975. Es necesario mencionar que nuestro ordenamiento jurídico establece restricciones sobre quién puede presentar dicha solicitud de indignidad. Esto es, "**[s]olamente las personas que resultan favorecidas por la declaración de indignidad, pueden invocarla**". Íd. (énfasis suplido).

Atinente a la controversia que nos ocupa, conviene establecer que las personas que se benefician de la declaración de indignidad son los legitimarios, quienes tienen el derecho de acrecer. El derecho de acrecer permite que la porción de un heredero que queda vacante incremente la cuota de los demás herederos que se encuentran en el mismo grado, salvo en los casos en que aplique el derecho de representación. 31 LPRA sec. 11101. Por su parte, el derecho de representación permite a los descendientes, hermanos y sobrinos del causante heredar en lugar y grado de sus ascendientes, recibiendo su parte de la herencia en sucesiones tanto testadas como intestadas. 31 LPRA sec. 11091 y 11093. Este derecho opera cuando el llamado premuere al causante, es declarado indigno o incapaz, ha sido desheredado o renuncia a la herencia. 31 LPRA sec. 11092.

No obstante lo anterior, nuestro Código Civil dispone que las causas de indignidad no surtirán efecto cuando el causante conociéndolas: (1) hace disposiciones a favor del indigno en su testamento, (2) se reconcilia con el indigno mediante actos inequívocos o (3) lo perdona a través de un documento público o privado. 31 LPRA sec. 10977. Dicha reconciliación o perdón es irrevocable. Íd. La referida acción para declarar la indignidad caduca transcurridos cuatro (4) años desde que el indigno adquiere la posesión de los bienes como heredero o legatario. 31 LPRA sec. 10978.

Finalmente, y según se ha reiterado, dado a que la sucesión no tiene personalidad jurídica independiente de los miembros que la componen, para poder reclamar una acción relacionada con una herencia es imprescindible que se incluyan a cada uno de los miembros que componen la sucesión del causante. Vilanova v. Vilanova, 184 DPR 824, 839-840 (2012). Entiéndase, los herederos son parte indispensable.

**C.**

El Tribunal Supremo ha reiterado que una parte indispensable es:

> [A]quella que tiene tal interés en la cuestión envuelta en la controversia que no puede dictarse un decreto final entre las partes en la acción sin lesionar y afectar radicalmente su interés, o sin permitir que la controversia quede en tal estado que su determinación final haya de ser inconsistente con la equidad y una conciencia limpia. FCPR v. ELA et al., 211 DPR 521, 531 (2023) (citando a Cirino González v. Adm. Corrección et al., 190 DPR 14, 46 (2014)).

Al respecto, la Regla 16.1 de Procedimiento Civil establece que "[l]as personas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularán como demandantes o demandadas, según corresponda". 32 LPRA Ap. V, 16.1. El "interés común" al que se refiere no es a "cualquier interés en el pleito, sino que tiene que ser un interés real e inmediato, no especulativo ni a futuro, que impida la confección de un remedio adecuado porque podría afectar o destruir radicalmente los derechos de esa parte ausente". RPR & BJJ, Ex Parte, 207 DPR 389, 408 (2021).

La parte indispensable tiene que ser traída por la demandante, fundamentado en que su omisión violentaría el derecho constitucional al debido proceso de ley de no ser privado de libertad o propiedad. García Colón et. al. v. Sunc. González, 178 DPR 527, 550 (2010). No acumular una parte indispensable, ya sea como demandante o demandado, priva de jurisdicción al tribunal y cualquier sentencia emitida será considerada nula. FCPR v. ELA et al., 211 DPR 521, 532 (2023).

**III.**

En el presente caso, la Peticionaria nos solicitó la revocación de la *Resolución* del TPI, a través de la cual se declaró "No Ha Lugar" la *Moción de Desestimación* que ésta presentó.

Como primer señalamiento de error, la Peticionaria alega que el TPI erró al determinar que la señora Merced Torres tiene legitimación activa para presentar la solicitud de declaración de indignidad. No nos convence su postura. Veamos.

Surge del expediente ante nuestra consideración que el señor Rivera Girona falleció intestado el 28 de abril de 2022, como resultado de un fallo respiratorio y varias condiciones relacionadas a su condición de Alzheimer. Así, por virtud de la *Resolución* emitida por el TPI el 21 de julio de 2022, en el caso núm. BY2022CV03645, fueron declaradas como herederas universales del causante a la señora Merced Torres, y a sus dos hijas, las señoras Rivera Ramos. Por otro lado, también surge que el causante es el único heredero de la herencia de su hermana, la señora Rivera Girona, cuya partición no se ha realizado.

La Recurrida alega que las hijas del señor Rivera Girona no pueden sucederle porque son indignas, mientras que éstas argumentan que la señora Merced Torres no posee legitimación activa para instar la referida acción de indignidad y que los nietos del causante son parte indispensable del caso. La controversia ante nos se desprende de estos hechos.

Conforme hemos adelantado en los acápites anteriores, la ley asigna cierta porción de la herencia para determinadas personas, lo cual se conoce como la legítima. 31 LPRA sec. 11161 Entre los legitimarios se encuentran los descendientes y el cónyuge supérstite y sólo en defecto de éstos, a los ascendientes. 31 LPRA sec. 11162. Es decir, el cónyuge recibirá la herencia en igualdad de condiciones que los hijos del causante. Sin embargo, existen circunstancias que impiden a los herederos forzosos o legitimarios a suceder al causante en sus bienes.

Así pues, aquella persona que haya abandonado, maltratado, atentado contra la vida del causante o no haya cumplido su obligación legal de alimentarlo no podrá heredar su patrimonio, por considerarse indigna. 31 LPRA sec. 10973**. Es importante resaltar que el Artículo 1558 del Código Civil,** *supra,* **expone que solamente las personas que resultan beneficiadas por la declaración de indignidad podrán instar dicha**

**petición**. 31 LPRA sec. 10975. Corresponde entonces determinar si la Recurrida puede considerarse una persona que podría resultar ser beneficiada por una declaración de indignidad. Entendemos que sí.

Tras un análisis exhaustivo y detallado del expediente ante nuestra consideración y de los documentos que obran en él, y tomando como ciertos todos los hechos bien alegados en la "**Demanda**", hemos llegado a la conclusión de que la señora Merced Torres posee legitimación activa para instar la petición de declaración de indignidad de las señoras Rivera Ramos. Bajo los hechos específicos del caso que nos ocupa, **la Recurrida es la cónyuge supérstite del señor Rivera Girona y una de las legitimarias de su sucesión, en unión a las hijas de éste. Por tanto, bajo este contexto fáctico, no existe duda de que la señora Merced Torres podría considerarse una persona que pudiera verse favorecida por el decreto de indignidad de las señoras Rivera Ramos, puesto que de prevalecer en sus alegaciones y de demostrar que los nietos del causante, de existir, no puedan suceder o repudien la herencia, tendría un derecho a acrecer en la porción de las señoras Rivera Ramos, conforme al Artículo 1616 del Código Civil de 2020, 31 LPRA sec. 11101**.

Por ello, coincidimos con el TPI a los efectos de que la Recurrida pudiera beneficiarse de la declaración de indignidad y está legitimada a presentar una solicitud de declaración judicial para este propósito. **Nótese, además, que legalmente no existe ningún otro coheredero (excepto las señoras Rivera Ramos, a quienes se les imputa las causas de indignidad) que pudiera ostentar un interés o derecho para así reclamarlo sobre la herencia <u>a esta etapa del proceso</u>**.

En fin, no albergamos duda de que la señora Merced Torres podría verse beneficiada por la declaración de indignidad de las hijas del causante, cumpliendo así, **con el único requisito que exige nuestro sistema legal para tener legitimación activa para instar dicha acción**. Nótese que si el TPI, en su día, concluyera que la solicitud de indignidad de las señoras Rivera Ramos no procede, la Recurrida y las señoras Rivera Ramos heredarán en partes iguales. Resolver lo contrario, implicaría negarle a la

señora Merced Torres un derecho que la ley le otorga a una persona que tiene un interés claro sobre la herencia del causante y que, indefectiblemente, se pudiera ver favorecida por el decreto de indignidad de las señoras Rivera Ramos. Por tal razón, el TPI no cometió el error esgrimido.

Como segundo señalamiento de error, la Peticionaria sostiene que el foro *a quo* erró al determinar que los nietos del causante no son parte indispensable en el presente caso. No le asiste la razón.

Tal como hemos anticipado, para poder instar una acción relacionada con una herencia, es necesario acumular al pleito a todos los miembros que forman parte de la sucesión del fallecido. Vilanova v. Vilanova, *supra*, págs. 839-840. En otras palabras, cualquier causa de acción que se interponga para reclamar derechos sobre una herencia o en contra de una sucesión hace necesaria la acumulación al mismo de todos los herederos que componen dicha comunidad hereditaria pues son parte indispensable, sin cuya presencia en el pleito convertiría en nula cualquier determinación en los méritos. Esto ya que una parte indispensable es aquella cuyo interés es crucial para la resolución equitativa de la controversia. FCPR v. ELA *et al.*, *supra*, pág. 531. Por tal razón, nuestras Reglas de Procedimiento Civil disponen que las personas que posean un interés común deben ser acumuladas ya sea como demandantes o demandados. 32 LPRA Ap. V, 16.1.

A la luz de todo lo anterior, **y conforme los hechos específicos del caso y la etapa procesal en la que se encuentra**, es forzoso concluir que –por el momento– los nietos del causante no son partes indispensables en el presente pleito. Esto es así, puesto que todavía el TPI no ha adjudicado en los méritos la causa de acción de indignidad esgrimida por la Recurrida en contra de las señoras Rivera Ramos y en el caso son partes quienes así fueron declaradas herederas mediante *Resolución* del foro de instancia. **Por lo tanto, hasta tanto no se establezca que la Peticionaria y/o su hermana, la Sra. Jennifer Rivera Ramos, no pueden sucederle al causante en sus bienes por alguna causa de indignidad, sus hijos no**

**pueden considerarse partes indispensables del presente pleito. Nótese que los nietos del causante solo podrían heredar del señor Rivera Girona por vía del derecho de representación. Es decir, éstos serían partes indispensables en el pleito, sin cuya presencia no pudiera realizarse la partición judicial de la herencia del causante, siempre y cuando se haya adjudicado la reclamación de indignidad interpuesta por la Recurrida**.

Este derecho sólo se puede invocar si el llamado a aceptar la herencia premuere al causante, **es declarado indigno** o incapaz, ha sido desheredado o renuncia a la herencia. 31 LPRA sec. 11092. **En este caso específico, no existe aún una determinación judicial final y firme en el que se declare que las señoras Rivera Ramos son indignas para suceder al causante que permita invocar la aplicación del derecho de representación de los nietos de éste**. Por consiguiente, **en esta etapa de los procedimientos**, estamos impedidos de acoger la postura de la Peticionaria, a los fines de que los nietos del señor Rivera Girona son parte indispensable del caso, pues no existe determinación alguna que abra las puertas para la aplicación del derecho de representación en el caso de autos. No erró el foro a *quo* al negarse a desestimar el pleito por falta de parte indispensable.

**V.**

Por los fundamentos que anteceden, los cuales hacemos formar parte integral del presente dictamen, se *expide* el auto de *certiorari* y se *confirma* la *Resolución* recurrida.

**Notifíquese inmediatamente**.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones