ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| JUAN M. PEÑA MÉNDEZ JOSÉ M. PEÑA MUÑIZ<br><br>Parte Recurrida<br><br>v.<br><br>DENISE IRIZARRY PINTOR<br><br>Parte Peticionaria | KLCE202400894 | *Certiorari,* procedente del Tribunal de Primera Instancia, Sala Municipal de Utuado<br><br>Caso Núm.: BC2024CV00054<br><br>Sobre: Cobro de Dinero – Regla 60 |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Salgado Schwarz y el Juez Monge Gómez.

Monge Gómez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de agosto de 2024.

Compareció ante este Tribunal la parte peticionaria, la Sra. Denise Irizarry Pintor (en adelante, la "señora Irizarry Pintor" o la "Peticionaria"), mediante recurso de *certiorari* presentado el 16 de agosto de 2024. Nos solicitó la revocación de la *Resolución* emitida y notificada por el Tribunal de Primera Instancia*,* Sala Superior de Utuado (en adelante, el 'TPI"), el 28 de junio de 2024. Dicho dictamen fue objeto de una "**Moción de Reconsideración"** interpuesta por la Peticionaria, la cual fue declarada "No Ha Lugar" mediante *Resolución* de 6 de agosto de 2024.

Por los fundamentos que expondremos a continuación, *expedimos* el auto de *certiorari y revocamos* la *Resolución* recurrida.

**I.**

El caso de autos tuvo su origen el 16 de abril de 2024, con la presentación de una "**Demanda**" sobre cobro de dinero, en virtud del procedimiento sumario dispuesto en la Regla 60 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 60. Mediante la misma, el Sr. Juan M. Peña Méndez (en adelante, el "señor Peña Méndez") y el Sr. José Peña Muñiz (en

adelante, el "señor Peña Muñiz) (en adelante y en conjunto, los "Recurridos") alegaron que el 7 de julio de 2012 la señora Irizarry Pintor suscribió con la Sra. Maribel Peña Muñiz cierto contrato de arrendamiento por el término de un año, sobre una propiedad localizada en la calle Alelí del Municipio de Barceloneta. Expresaron que la referida propiedad fue adquirida por el señor Peña Méndez en unión a su difunta esposa, la Sra. Gilberta Muñiz, como un bien ganancial. Manifestaron que, tras el fallecimiento de la señora Gilberta Muñiz, sus hijos heredaron la participación que le correspondía a ella.

Asimismo, arguyeron que el 29 de agosto de 2023 el señor Peña Méndez le cedió su participación del inmueble a su hijo, el señor Peña Muñiz. Mencionaron que, a causa de lo anterior, el señor Peña Muñiz adquirió la participación mayoritaria sobre la propiedad en cuestión. Señalaron que el referido bien inmueble estuvo ocupado por la Peticionaria desde el 7 de julio de 2012 hasta el mes de abril del 2024. Expresaron que el 10 de agosto de 2023, el señor Peña Méndez le remitió una carta a la señora Irizarry Pintor en la que: (1) le notificó que es el nuevo propietario de la casa, (2) le indicó que el contrato había expirado, (3) le requirió otorgar un nuevo contrato con una renta mensual de $700.00 y (4) le advirtió que, de no estar de acuerdo con lo anterior, debía desalojar la propiedad.

Esgrimieron que la Peticionaria continuó ocupando la propiedad sin pagar los cánones de renta desde el 1 de septiembre de 2023 hasta el mes de abril de 2024. Acentuaron que el 30 de octubre de 2023 radicaron una demanda de desahucio, bajo el caso núm. MT2023CV00788, en contra de la señora Irizarry Pintor. Añadieron que la Peticionaria abandonó la propiedad antes de que se celebrara el juicio en su fondo y solicitó su desestimación por academicidad. Así pues, aseveraron que la señora Irizarry Pintor debe la cantidad de $5,600.00 en concepto de renta, más los intereses legales acumulados hasta el presente. Adujeron que dicha deuda no ha sido saldada, ni total ni parcialmente, a pesar de los múltiples requerimientos que se le han realizado.

En armonía con lo anterior, le peticionaron al TPI que declarara "Con Lugar" la "**Demanda**", le ordenara a la Peticionaria pagar la suma de $5,600.00 más los intereses correspondientes, así como los gastos y honorarios de abogado, por un monto no menor a $2,500.00.

Posteriormente, el 17 de mayo de 2024, la señora Irizarry Pintor presentó su "**Contestación a la Demanda**" mediante la cual negó la mayoría de las alegaciones expuestas en su contra e indicó que no estaba obligada a pagar cánones de arrendamiento al señor Peña Méndez ni al señor Peña Muñiz. También aclaró que no había abandonado la propiedad. Como defensa, expuso que la "**Demanda**" dejaba de exponer una reclamación que justificara la concesión de un remedio y que los Recurridos no tienen una causa de acción válida en su contra. A tenor con lo anterior, le solicitó al TPI que declarara "No Ha Lugar" la "**Demanda**" e impusiera el pago de costas, gastos y honorarios de abogado, así como cualquier pronunciamiento que corresponda en derecho.

Posteriormente, el 20 de junio de 2024, se celebró el juicio en su fondo. Allí, los Recurridos presentaron como prueba el testimonio bajo juramento del señor Peña Muñiz, así como ciertas piezas de evidencia documental consistentes en lo siguiente: (1) el contrato de arrendamiento objeto de esta controversia, (2) una carta, (3) el correo certificado de dicha carta y (4) una escritura pública. Una vez presentada la referida evidencia, la señora Irizarry Pintor, a través de su representación legal, solicitó la desestimación del caso bajo el fundamento de que faltaban partes indispensables.

Así las cosas, el 28 de junio de 2024, el foro primario emitió una *Resolución* mediante la cual determinó que la Sucesión de la Sra. Gilberta Muñiz (en adelante, la "Sucesión Muñiz") son partes indispensables. Basado en lo anterior, le concedió a los Recurridos un término de veinte (20) días para acumular al pleito a dichas partes. El 29 de julio de 2024, los Recurridos presentaron una "**Demanda Enmendada**" en la que incluyeron a la aludida Sucesión. Entretanto e inconforme con dicha determinación, el 9 de julio de 2024, la señora Irizarry Pintor presentó una "**Moción de Reconsideración**",

a través de la cual alegó que el foro *a quo* debió haber adjudicado la controversia sobre partes indispensables mediante Sentencia y no a través de la *Resolución* recurrida. Esta solicitud fue declarada "No Ha Lugar" el 6 de agosto de 2024.

Inconforme con lo anteriormente resuelto, la Peticionaria acudió ante este Tribunal mediante el recurso de epígrafe, en el que señaló el siguiente error:

> Incurrió en grave y manifiesto error el Tribunal de Primera Instancia al adjudicar la controversia de partes indispensables, luego de haber concluido el juicio, mediante resolución y no mediante sentencia.

Así las cosas, mediante *Resolución* emitida el 21 de agosto de 2024, le concedimos a los Recurridos un término para presentar su alegato en oposición al recurso. Dicho plazo ha transcurrido sin que los Recurridos cumplieran con nuestra orden o hubieran solicitado prórroga a esos efectos.

En vista de lo anterior, adjudicamos los méritos del recurso sin el beneficio de su comparecencia.

## II.

## A.

La Regla 16 de las de Procedimiento Civil regula lo pertinente en cuanto a partes indispensables en los casos. La misma dispone:

> Las personas que tuvieren un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularán como demandantes o demandadas según corresponda. Cuando una persona que deba unirse como demandante rehusare hacerlo, podrá unirse como demandada. 32 LPRA Ap. V, R. 16.

El propósito de la precitada regla es proteger a las personas ausentes de los efectos perjudiciales que pudiera tener la resolución del caso sin la presencia de ellos y evitar multiplicidad de pleitos, para así emitir una determinación completa. FCPR v. ELA *et al*., 211 DPR 521, 531 (2023). La importancia de tal inclusión es de tal magnitud que nuestro más alto foro judicial ha expresado que el planteamiento de falta de parte indispensable puede ser presentado por primera vez en apelación para ser considerado por el foro apelativo. RPR & BJJ *Ex Parte*, 207 DPR 389, 407 (2021). El "interés común" al que se refiere no es a "cualquier interés en el pleito, sino

que tiene que ser un interés real e inmediato, no especulativo ni a futuro, que impida la confección de un remedio adecuado porque podría afectar o destruir radicalmente los derechos de esa parte ausente". Íd., pág. 408.

El Tribunal Supremo ha definido a una parte indispensable como aquella de la que no se puede prescindir, pues, sin su presencia las cuestiones litigiosas no pueden ser adjudicadas correctamente, ya que sus derechos quedarían afectados por una determinación judicial. RPR & BJJ _Ex Parte_, _supra_, pág. 407. Es tarea del tribunal determinar la necesidad de acumular a una parte por ser indispensable, pues lo fundamental es establecer "si el tribunal puede hacer justicia y conceder un remedio final y completo [a las partes presentes] sin afectar los intereses [de la parte] ausente". Íd., págs. 408-409 (citando a Pérez Rosa v. Morales Rosado, 172 DPR 216, 223 (2007)). Por ende, de concluir que dicha parte es necesaria en el pleito y no haberla incluido, el tribunal carece de jurisdicción y la sentencia que se emita sin su presencia sería nula. Watchtower Bible _et al._ v. Mun. Dorado I, 192 DPR 73, 118 (2014).

**B.**

La Regla 10.2 de Procedimiento Civil y su jurisprudencia interpretativa le confiere al demandado la oportunidad de presentar cualquiera de las siguientes defensas: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) las alegaciones del demandante dejan de exponer una reclamación que justifique la concesión de un remedio; y (6) **la falta de una parte indispensable**. 32 LPRA Ap. V, R. 10.2.

La moción de desestimación bajo la referida Regla es una defensa que formula el demandado antes de presentar su contestación a la demanda, en la cual solicita que se desestime la demanda presentada en su contra. Aut. Tierras v. Moreno & Ruiz Dev. Corp., 174 DPR 409, 428 (2008); Colón v. Lotería, 167 DPR 625, 649 (2006). En general, la Regla 10.2 de Procedimiento Civil, _supra_, recoge defensas que pueden plantearse, a opción del demandado, en una moción de desestimación antes de

contestar o en la misma contestación a la demanda. <u>Casillas Carrasquillo v. ELA</u>, 209 DPR 240, 247 (2022).

Al examinar una moción de desestimación, los tribunales están obligados a aceptar como ciertos todos los hechos bien alegados en la demanda y a interpretarlos de la manera más beneficiosa para el demandante. <u>Comisión v. González Freyre *et al.*</u>, 211 DPR 579, 614-615 (2023). Cabe destacar que esta doctrina se limita a hechos que están formulados de manera clara y concluyente, sin dejar lugar a dudas. <u>First Fed. Savs v. Asoc. De Condómines</u>, 114 DPR 426, 431-432 (1983).  De igual manera, el tribunal debe conceder el beneficio de todas las inferencias posibles que puedan derivarse de los hechos correctamente expuestos en la demanda. <u>Montañez v. Hosp. Metropolitano</u>, 157 DPR 96, 105 (2002). No obstante, estas admisiones se consideran únicamente para los fines de la moción y no son definitivas ni incuestionables de manera que constituyan una renuncia a cualquier controversia material que deba ser dilucidada a través de la presentación de la prueba en el juicio. <u>Íd</u>. pág. 103.

**III.**

En el presente caso, la Peticionaria nos solicitó la revocación de la *Resolución* del TPI, a través de la cual ordenó la inclusión de la Sucesión Muñiz. Como único señalamiento de error, la señora Irizarry Pintor sostiene que el foro primario incidió al adjudicar la controversia sobre partes indispensables luego de haber concluido el juicio mediante la *Resolución* recurrida y no por vía de una sentencia. Le asiste la razón. Veamos.

Surge del expediente ante nuestra consideración que el 16 de abril de 2024, los Recurridos presentaron una "**Demanda**" sobre cobro de dinero en contra de la señora Irizarry Pintor. Luego de varios trámites procesales, el 20 de junio de 2024 se celebró el juicio en su fondo. Una vez culminado el desfile de prueba, la Peticionaria, a través de su representación legal, solicitó la desestimación del caso, argumentando que faltaban partes indispensables en el pleito, es decir, que procedía que se dispusiera del caso pues no se había acumulado a la Sucesión Muñiz.  Varios días después, el TPI determinó mediante la *Resolución* impugnada en este

recurso que la aludida Sucesión es parte indispensable en el caso, sin embargo, les concedió un término a los Recurridos para acumular al pleito a los integrantes de dicha Sucesión. La controversia ante nos se suscita de estos hechos.

Conforme hemos adelantado en los acápites anteriores, la Regla 16 de las de Procedimiento Civil, *supra*, establece que las personas que poseen un interés común sin cuya presencia no pueda adjudicarse una disputa, deben ser incluidas al pleito, ya sea como demandantes o demandados. 32 LPRA Ap. V, R. 16. El objetivo de este mecanismo procesal es salvaguardar los intereses de las personas ausentes mientras se evita la multiplicidad de litigios. FCPR v. ELA et al., *supra*, pág. 8. Así pues, le corresponde al tribunal determinar si puede hacer justicia y conceder un remedio final y completo sin perjudicar a las personas que no son parte del proceso. RPR & BJJ *Ex Parte*, *supra*, págs. 408-409. Por ende, de concluir que dicha parte es necesaria en el pleito y no haberla incluido, el tribunal carece de jurisdicción y la sentencia que se emita sin su presencia sería nula. Watchtower Bible *et al.* v. Mun. Dorado I, *supra*, pág. 118.

Tras un análisis detallado del expediente ante nuestra consideración y de los documentos que obran en él, hemos llegado a la conclusión de que el foro primario erró al no haber dictado sentencia, luego de concluir que la Sucesión Muñiz era parte indispensable en el pleito y tras haberse culminado el desfile de prueba en el caso. Nótese, pues, que la determinación sobre falta de parte indispensable se efectuó luego de que el juzgador de instancia tuvo contacto con la prueba de la parte promovente en el litigio.

Es menester destacar que estamos conscientes de que el TPI posee la facultad de ordenar la incorporación de las partes omitidas en un caso, siempre y cuando se esté en etapas anteriores a la celebración del juicio. *Véase*, Cirino v. Adm. De Corrección, 190 DPR 14, 47 (2014). Es decir, dicha norma está prevista para los escenarios en los que la controversia aún no ha llegado a la fase final del litigio. Ese no es el tipo de caso al cual nos enfrentamos, pues en este pleito el juicio ya había culminado y tras dicha

culminación fue que el foro de instancia determinó que faltaba una parte indispensable, pero mantuvo el pleito vivo efectuando su determinación por vía de resolución y permitiendo que los Recurridos acumularan a la Sucesión Muñiz. Por tal razón, la referida norma no es aplicable al caso de autos. Habiéndose desfilado toda la prueba de la parte promovente del caso y posterior a ello, haber determinado que faltaba parte indispensable, lo procedente en derecho era dictar sentencia y desestimar el pleito, sin perjuicio. Esto garantiza la pureza de los procedimientos y es cónsono con los pilares del derecho a un debido proceso de ley que ostenta toda parte en nuestra jurisdicción. Por tal motivo, coincidimos con la apreciación jurídica de la Peticionaria, a los efectos de que el TPI incurrió en un error al conceder un término para la acumulación de la Sucesión Muñiz al litigio y no dictar sentencia en los méritos.

**IV.**

Por los fundamentos que anteceden, expedimos el auto de *certiorari* ante nuestra consideración, *revocamos* la *Resolución* recurrida y dictamos *Sentencia* desestimando, sin perjuicio, la "**Demanda**" presentada por los Recurridos el 16 de abril de 2024.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones