Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel VIII

| | | |
|---|---|---|
| CARMEN GLORIA CAMACHO CANDELARIA<br>Apelada<br><br>*v.*<br><br>DORADO HEALTH INC., h/n/c MANATÍ MEDICAL CENTER, TRIPLE S PROPIEDAD, FULANO DE TAL, COMPAÑÍA DE SEGUROS<br>Demandados<br><br><br>TRIPLE S. PROPIEDAD, INC.<br>Apelante | KLAN202500163 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de Arecibo<br><br>Caso Núm.<br>MT2024CV00805<br><br><br>Sobre:<br>Daños y Perjuicios |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

Adames Soto, Juez Ponente

## **SENTENCIA**

En San Juan, Puerto Rico, a 31 de marzo de 2025.

Comparece Triple S Propiedad Inc. (Triple S Propiedad o apelante), solicitando que revisemos la *Sentencia Parcial* emitida por el Tribunal de Primera Instancia, Sala Superior de Arecibo, (TPI), el 24 de enero de 2025. Mediante el referido dictamen el foro primario desestimó *sin perjuicio* la causa de acción instada contra Triple S Propiedad, luego de que la parte demandante, Sra. Carmen Gloria Camacho Candelaria (señora Camacho Candelaria o apelada), se allanara a la *Moción de Desestimación y/o Sentencia Sumaria* presentada por dicha aseguradora.

En lo esencial, Triple S Propiedad plantea que la aludida desestimación debió ser con perjuicio, en tanto el foro primario resolvió la moción dispositiva que estaba ante su consideración.

NÚMERO IDENTIFICADOR

SEN2025_____

Tiene razón la parte apelante, por los fundamentos que ofreceremos, procede modificar la *Sentencia* apelada a efectos de que la desestimación sea con perjuicio.

## I.  Resumen del tracto procesal

El 25 de septiembre de 2024, la apelada presentó una *Demanda* contra Dorado Health, Inc, quien hace negocios como Manatí Medical Center (Hospital), y contra su aseguradora Triple S Propiedad. En esta adujo que, mientras recibía atención médica en el Hospital, sufrió una caída, atribuible a la negligencia del primero, la cual provocó una fractura en su codo que requirió intervención quirúrgica. En consecuencia, solicitó al TPI que ordenara a los demandados que la resarcieran.

A raíz de ello, sin haber presentado contestación a demanda aun[1], Triple S Propiedad instó una *Moción de Desestimación o de Sentencia Sumaria Parcial*. En esta esgrimió como causa para desestimar, que la póliza de seguros que expidió a favor de Manatí Medical Center era una de responsabilidad pública o comercial general, y contenía cláusulas de exclusión respecto a la prestación o falta de prestación de servicios profesionales y/o de salud. A partir de ello, propuso una lista de cinco hechos materiales incontrovertidos, con alusión a la prueba documental que presuntamente los sostenían. En específico, incluyó como parte de tal prueba documental la póliza de seguro que suscribió con el Hospital, el término de su vigencia, además de transcribir varias de las cláusulas de exclusión allí contenidas. Adujo que, según las alegaciones de la demanda, los daños fueron causados por omisiones del personal profesional del Hospital, materia que correspondía a una póliza por seguro profesional, no a una póliza de responsabilidad pública o comercial general. En virtud de lo cual, solicitó la desestimación con perjuicio de la causa de acción en su contra.

---

[1] Eventualmente Triple S Propiedad presentó su *Contestación a demanda*. Apéndice del recurso de apelación, págs. 382-386.

Luego de que el Hospital presentara su *Contestación a demanda*, la señora Camacho Candelaria instó una *Moción informativa y otros extremos*, en la que solicitó al Tribunal que le permitiera llevar a cabo un descubrimiento de prueba relativo a la posible existencia de otra póliza suscrita por el Hospital, pero cuya cubierta estuviera dirigida a servicios profesionales. De manera expresa señaló que si el Hospital tuviera emitida una póliza de seguros de impericia profesional hospitalaria para la fecha en que ocurrió la caída, se allanarían a la solicitud de Triple S Propiedad para desestimar la demanda en su contra.[2]

El TPI accedió a la solicitud de la apelada para permitirle realizar el descubrimiento de prueba, antes de contestar la moción dispositiva instada por Triple S Propiedad.

Luego, el Hospital presentó *Moción informativa*, donde identificó como su aseguradora a The Medical Protective Company-MedPro.[3] Esto provocó que el foro primario le ordenara a la apelada, *exponga su posición.[4]*

En atención a ello, la apelada presentó una *Moción Allanandono* (*sic*) *a Solicitud de Desestimación Presentada por Triple S Propiedad.* En lo esencial, la señora Camacho Candelaria indicó que había sostenido una conversación con la abogada del Hospital[5], específicamente respecto a las alegaciones dirigidas contra Triple S Propiedad, producto de la cual había decidido allanarse a la *Solicitud de desistimiento* presentada por dicha aseguradora.

En respuesta, el TPI emitió la *Sentencia Parcial,* cuya modificación nos solicita Triple S Propiedad, declarando *Ha Lugar* la *Moción de desestimación* instada por dicha aseguradora, y, en consecuencia, ordenó la desestimación y el archivo *sin perjuicio* de la causa de acción instada

---

[2] Apéndice del recurso de apelación, págs. 373-376.
[3] La apelada presentó *Demanda enmendada* para incluir a MedPro como codemandada. Apéndice el recurso de Capelación, pags. 392-400.
[4] Apéndice del recurso de apelación, pág. 387.
[5] Es de notar que, en la *Contestación a demandada enmendada* presentada por el Hospital, esta admitió que MedPro era su aseguradora *para ciertos riesgos relativos a impericia profesional.* Apéndice del recurso de apelación, pág. 408.

contra Triple S Propiedad, al amparo de la Regla Regla 42.3, de Procedimiento Civil, 32 LPRA Ap. V. R. 42.3.

Inconforme con la desestimación *sin perjuicio* de la demanda presentada en su contra, Triple S Propiedad instó el recurso de apelación que nos ocupa, señalando el siguiente error:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA COMO CUESTIÓN DE DERECHO AL DICTAR UNA SENTENCIA DE DESESTIMACIÓN PARCIAL SIN PERJUICIO ANTE UNA MOCIÓN DISPOSITIVA BAJO LA DEFENSA DE EXCLUSIÓN DE COBERTURA DE LA PÓLIZA EMITIDA, CUANDO LA PARTE DEMANDANTE SE ALLANÓ A LA MOCIÓN.

Por su parte, la señora Camacho Candelaria compareció ante nosotros mediante un escrito que intituló *Pronunciamiento sobre Escrito de Apelación.* En lo esencial, esgrimió que la póliza expedida por Triple S Propiedad no proveía cobertura a las alegaciones contenidas en la *Demanda,* al ser una de responsabilidad pública comercial, por lo que afirmó que no se oponía a la modificación de la *Sentencia Parcial,* a los fines de que la desestimación fuera *con perjuicio.*

## II. Exposición de Derecho

La Regla 39.2(c) de Procedimiento Civil, dicta en lo que concierne que, "una desestimación bajo esta Regla 39.2(c) **y cualquier otra desestimación**, excepto la que se haya dictado por falta de jurisdicción o por haber omitido acumular una parte indispensable, **tienen el efecto de una adjudicación en los méritos**". (Énfasis provisto). 32 LPRA Ap. V., R. 39. Es decir, que *la desestimación tiene el efecto de una adjudicación en los méritos salvo que sea por falta de jurisdicción o de parte indispensable.* R. Hernández Colón, *Práctica Jurídica de Puerto Rico, Derecho Procesal Civil,* 5ta Ed. LexisNexis, p. 369.

Dentro de los mecanismos que tiene disponible el TPI para dictar la desestimación de un pleito o causa de acción se encuentran los dispuestos por la Regla 10.2(5) de Procedimiento Civil, 32 LPRA Ap. V., R. 10.2, y la Regla 36 de Procedimiento Civil, 32 LPRA Ap. V., R. 36.

La Regla 10.2(5) de Procedimiento Civil, *supra,* dicta que el demandado puede fundamentar su solicitud de desestimación en que la demanda no expone una reclamación que justifique la concesión de un remedio. En tales casos, la desestimación pretendida "se dirige a los méritos de la controversia y no a los aspectos procesales del caso". *Banco Popular de Puerto Rico v. Cable Media of Puerto Rico, Inc. et al,* 2025 TSPR 1, 11; *Montañez v. Hosp. Metropolitano,* 157 DPR 96, 104 (2002). Efecto similar ocurre con la desestimación al amparo de la Regla 36 de Procedimiento Civil, *supra.*

Como es sabido, para que proceda la resolución sumaria de un pleito, la parte promovente debe demostrar "la inexistencia de una controversia sustancial de hechos esenciales y pertinentes". 32 LPRA Ap. V, R. 36.1-36.2.

Como una sentencia sumaria procede si el tribunal queda claramente convencido de que tiene ante sí todos los hechos materiales pertinentes y por tanto una vista en los méritos se torna innecesaria, *Municipio De Anasco v. ASES,* 188 DPR 307, 327 (2013) (citas omitidas), resulta obligatorio que la resolución final del caso, que se da mediante una desestimación, sea una en los méritos.

**III. Aplicación del Derecho a los hechos**

a.

Esgrime Triple S Propiedad que, habiendo el TPI desestimado la causa de acción que iba dirigida en su contra en los méritos, bajo el fundamento de inexistencia de cubierta, dicho foro no tenía discreción para emitir una *Sentencia Parcial sin perjuicio,* sino que estaba llamado a dictaminarla *con perjuicio.*

En idénticos términos se pronunció la parte apelada, al manifestar que se allanaba a la solicitud de Triple S Propiedad para que se modificara la *Sentencia Parcial,* disponiendo que la desestimación de la causa de acción en su contra sea con perjuicio.

b.

Iniciamos por señalar que no hay controversia sobre el hecho de que la parte demandante, aquí apelada, **no instó una moción de desistimiento**, sino que, a través de su *Moción allanando* (*sic*) *a solicitud de desestimación presentada por Triple S Propiedad,* transmitió al Tribunal su conformidad con la teoría legal esbozada por la parte apelante, como causa para la desestimación solicitada. Es decir, la parte apelada suscribió la alegación de Triple S Propiedad en el sentido de que las alegaciones incluidas en la Demanda aludían a acciones y omisiones del Hospital relacionados a conducta profesional. Esta postura de la parte apelada, a su vez, resulta en perfecta armonía con el parecer que esta misma parte había adelantado en su *Moción informativa y otros extremos*, donde señaló que *si el Hospital tuviera emitida una póliza de seguros de impericia profesional hospitalaria para la fecha en que ocurrió la caída, se allanarían a la solicitud de Triple S Propiedad para desestimar la demanda en su contra.*[6]

Tampoco hay controversia sobre el hecho de que el TPI emitió la *Sentencia Parcial,* cuya modificación se nos solicita, como respuesta a la moción dispositiva presentada por Triple S Propiedad que estaba ante su consideración, no respondió a una moción de desistimiento. De aquí que, en el primer párrafo del referido dictamen, el foro *a quo* reprodujera la teoría legal de Triple S Propiedad para que se desestimara la causa de acción en su contra; que la póliza emitida refería a responsabilidad pública, no a la impericia en la prestación de servicios profesionales.

Entonces, la lectura conjunta de las incidencias recogidas en los párrafos que preceden nos impulsa a apreciar que el foro primario desestimó la causa de acción contra Triple S Propiedad al considerar los méritos de la moción dispositiva ante su atención, acogiendo la teoría legal según la cual, la póliza expedida por la parte apelante contenía una cláusula de exclusión cuya aplicación a las alegaciones de la Demanda, que

---

[6] Apéndice del recurso de apelación, págs. 373-376.

resultaba en la negación de la cobertura contra los reclamos de la señora Camacho Candelaria.

A lo anterior cabe añadir que, unido al dato de que la parte apelada no instó una solicitud de desistimiento, en la *Sentencia Parcial* tampoco hubo señal alguna que indicara que el foro apelado consideró la *Moción allanando* (*sic*) *a solicitud de desestimación presentada por Triple S Propiedad* como una de desistimiento. Por el contrario, las expresiones plasmadas en la *Sentencia Parcial,* reiteramos, aludieron directamente al contenido de la moción dispositiva que estaba ante su consideración, que versaba sobre los méritos de la controversia relativa a la aplicación o no de la póliza expedida por Triple S Propiedad a este caso.

Como es sabido, la Regla 39.1(a) y (b) de Procedimiento Civil, 32 LPRA Ap. V, prevé una serie de circunstancias en las que la parte demandante podrá desistir de un pleito sin perjuicio, o en las que el TPI ostenta discreción para permitir mediante orden el desistimiento sin perjuicio. Sin embargo, como queda visto, no estamos propiamente ante una solicitud de desistimiento por la parte apelada, y en la letra de la *Sentencia Parcial* no se aprecia que dicho foro estimara que estaba ante una solicitud de desistimiento.

En consecuencia, juzgamos que aquí resulta de aplicación la Regla 39.2(c) de Procedimiento Civil, *supra,* al advertir que una desestimación, *tiene el efecto de una adjudicación en los méritos salvo que sea por falta de jurisdicción o de parte indispensable.* Y es que, ya considerada la moción dispositiva instada por Triple S Propiedad como una bajo la Regla 10.2(5), o bajo la Regla 36 de Procedimiento Civil, *supra,* al ser acogida por cualquiera de estas, produce la desestimación de la causa en sus méritos, *ergo*, con perjuicio.

Por lo explicado, juzgamos que se equivocó el foro apelado al desestimar la demanda presentada contra Triple S Propiedad sin perjuicio.

## IV. Parte dispositiva

Por los fundamentos antes expuestos, los que hacemos formar parte del presente dictamen, modificamos la *Sentencia Parcial* apelada con el único propósito de determinar que la **desestimación** de la causa de acción contra Triple S Propiedad es ***con perjuicio.***

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones